### Bobby Don McCALLUM et al., Appellant,

### v.

### The STATE of Texas, Appellee.

### No. 40062.

Court of Criminal Appeals of Texas.

Feb. 8, 1967.

James H. Martin, Dallas, for appellant.

Henry Wade, Dist. Atty., Robert H. Stinson, Jr., and Kerry P. FitzGerald, Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

DICE, Judge.

This is an appeal by John T. Boyce, as surety upon the appearance bond of Bobby Don McCallum, from a forfeiture of the bond.

The principal, Bobby Don McCallum, was charged by information in the County Criminal Court No. 2 of Dallas County in Cause No. 66–264–B with the misdemeanor offense of driving while intoxicated.

The bond, dated May 12, 1966, in the penal sum of $350, was conditioned that the principal appear instanter before said County Criminal Court No. 2 and any other court provided for therein to answer the charge pending against him and "for any and all subsequent proceedings had relative to the charge * * *."

On June 24, 1966, Bobby Don McCallum, the defendant-principal, entered a plea of guilty to the information and was by the court assessed punishment at a fine of $100 and thirty days in jail. No final judgment was rendered in the cause and on such date McCallum was placed on probation, under the provisions of the Mis-demeanor Probation Law, Art. 42.13 of the 1965 Vernon's Ann.Code of Criminal Procedure, for a period of one year upon certain terms and conditions. Among the conditions of probation was that he "(8) pay the fine imposed herein not later than July 29, 1966."

Motion for new trial was filed by the defendant, McCallum, on June 24, 1966, and on July 14, 1966, he filed an amended motion for new trial.

On August 3, 1966, judgment nisi was entered, forfeiting the bond upon the failure of the defendant to appear in court and answer at the hearing of his amended motion for new trial.

On September 22, 1966, the court, after a hearing, entered an order revoking the defendant's probation upon a finding that he had failed to pay the fine within the time specified and further directing that the finding of guilty be made a final judgment in the cause.

On October 21, 1966, final judgment of forfeiture on the bond was rendered by the court, from which judgment the appellant-surety has appealed.

Appellant's sole contention on appeal is that the court was without authority to forfeit the bond after the principal-defendant had made his appearance in the cause, entered a plea of guilty to the charge, and was placed on probation. It is insisted that such appearance in court by the defendant and the subsequent proceedings therein fulfilled the obligation of the bond and discharged the surety thereon.

With such contention we do not agree.

The defendant's appearance in court on June 24, when he was placed on probation, did not fully discharge the conditions and obligations of the bond.

By the terms of the order placing the defendant on probation and under the provisions of Sec. 4 of the Misdemeanor Pro-

bation Law, Art. 42.13, supra, no final judgment was rendered against the defendant at the time.

The defendant, at the time he was granted probation, had the right to appeal his conviction. Art. 42.13, Sec. 8(a). Pursuant to such right, he filed the motions for new trial.

The condition of the bond was that the defendant make his appearance in court, instanter, to answer the charge and at any and all subsequent proceedings had relative to the charge. Such condition is provided by Art. 17.09 of the 1965 Code of Criminal Procedure, formerly—with some changes—Art. 275a of the Code of Criminal Procedure of 1925.

The hearing on the defendant's amended motion for new trial on August 3 was a subsequent proceeding had relative to the charge. His failure to appear at the hearing was a violation of the condition of the bond. Upon such failure the court was authorized to order the bond forfeited.

The judgment is affirmed.