Richard McCONATHY, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 50573 to 50575.

Court of Criminal Appeals of Texas.

Oct. 8, 1975.

Kerry P. Fitzgerald, Dallas, for appellant.

Henry Wade, Dist. Atty., Harry J. Schulz, Jr., Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

These appeals are taken from final bond forfeiture judgments in the same court— County Criminal Court of Dallas County, where the appellant McConathy was the bondsman-surety on all three bonds.

These cases present the question of whether the bond can be forfeited (a) when the principal fails to serve the jail time assessed as punishment and does not pay his fine and court costs; (b) when he serves his jail time but does not pay his fine and court costs; and (c) when he is placed on misdemeanor probation and violates the probationary conditions to pay a fine and court costs.

The facts vary somewhat in each case. In Cause No. 50,573 (Trial Court No. CCR 74–189), the defendant Morphis was charged with driving while intoxicated. On March 7, 1974, the appellant-surety McConathy posted an appearance or bail bond for the principal Morphis in the amount of $200.00  On July 16, 1974, Morphis appeared in court represented by counsel, executed a jury waiver and waiver of delay of sentencing, and entered a guilty plea before the court. The court then assessed punishment at three (3) days in the county jail and a fine of $250.00 plus court costs. Having waived any delay in sentencing, sentence was imposed on the same date. No motions for new trial or in arrest of judgment were filed and no notice of appeal given. On the docket sheet only is found the notation, "The time is to be served and the fine and cost are to be paid not later than the 20 day of September A. D. 1974." It appears that the defendant-principal was then released. On February 13, 1975, the court entered a

judgment nisi, and on February 14, 1975, a capias pro fine was issued. On February 17, 1975, a "Notice to Sureties" was issued. A citation was issued on March 18, 1975, and executed on March 20, 1975. On April 25, 1975, a hearing was held to determine why final judgment should not be entered, at the conclusion of which the trial court made the judgment final.

In Cause No. 50,575 (Trial Court No. CCR 74–2709), Chris Burton was arrested on July 5, 1974, for the misdemeanor offense of escape after having been arrested for possessing fireworks. On July 7, 1974, the appellant-surety filed an appearance or bail bond for Burton in the amount of $500.00.

On November 22, 1974, Burton appeared in open court represented by counsel, executed a waiver of jury trial and waiver of delay of sentencing, and entered a plea of guilty before the court. Punishment was assessed at three (3) days' confinement in jail and a fine of $175.00. Court costs of $50.00 were assessed. Burton served three (3) days in jail, but did not pay the fine and court costs which the court ordered to be paid not later than January 22, 1975.

On February 13, 1975, the appellant-surety received notice that the bail bond had been forfeited because of the principal Burton's failure to pay the fine and court costs. Citation was issued and after hearing on April 25, 1975, a final judgment was issued.

In Cause No. 50,574 (Trial Court No. CCR 74–1142), Daniel Alvarado, Jr., was charged with driving while intoxicated. After his original bondsman "went off" his bond, the appellant McConathy posted an appearance or bail bond for Alvarado as principal on June 10, 1974, in the amount of $200.00.

On September 10, 1974, Alvarado in open court waived the appointment of counsel, filed a motion for probation, and entered a plea of guilty before the court. The court assessed his punishment at sixty (60) days in jail and a fine of $250.00, but suspended action in accordance with Article 42.13, Vernon's Ann.C.C.P., and placed the defendant on misdemeanor probation for a period of twelve (12) months. Among the probationary conditions imposed was that the defendant Alvarado pay his court costs and further a fine of $250.00 no later than November 11, 1974. No notice of appeal was given. When the defendant failed to comply with the above probationary conditions, the trial court set the case on the docket for January 22, 1975. When the defendant-probationer did not appear, the court forfeited the bail bond and entered a judgment nisi. On January 23, 1975, notice was sent to the appellant that the bond had been forfeited for failure of Alvarado to pay his fine and court costs. Scire facias was issued, and on April 25, following a hearing, the judgment was made final.

Article 17.01, Vernon's Ann.C.C.P., provides:

"'Bail' is the security given by the accused that he will appear and answer before the proper court the accusation brought against him, and includes a bail bond or a personal bond."

Article 17.02, Vernon's Ann.C.C.P., provides in part:

"A 'bail bond' is a written undertaking entered into by the defendant and his sureties for the appearance of the principal therein before some court or magistrate to answer a criminal accusation; . . . ."

■ The prime object or purpose of bail is to secure the presence of an accused upon trial of an accusation against him. It is not a revenue measure intended to be a substitution for a fine, but is intended to secure the trial of the alleged offender rather than turn his securities or those of his bondsman into a penalty. *Grantham v. State,* 408 S.W.2d 235 (Tex.Cr.App.1966), and cases there cited.

Article 17.09, Vernon's Ann.C.C.P., provides that a bail bond for the appearance of a defendant "shall be valid and binding upon the defendant and his sureties, if any, thereon, for the defendant's personal appearance before the court or magistrate

designated therein, as well as before any other court to which same may be transferred, and for any and all subsequent proceedings had relative to the charge, . . . ."

The same form bonds were utilized in all three cases in the appeals before us, and each bond was conditioned that the defendant-principal appear to answer the charge against him "and for all subsequent proceedings had relative to the charge."

The State takes the position that the proceedings at which each principal failed to appear were "subsequent proceedings had relative to the charge" upon which the bonds were conditioned and the trial court properly forfeited the bonds. The appellant takes the position that all proceedings relative to the charge in each case had been disposed of, noting that there was no motion for new trial and no notice of appeal filed in any of the cases. He contends the trial court improperly used bond forfeiture proceedings in an attempt to collect fines and court costs and to enforce the conditions of probation without revocation.

■ The term "subsequent proceedings had relative to the charge" is not defined in the statute, and there is not much decisional law on the same. In *McCallum v. State,* 411 S.W.2d 361 (Tex.Cr.App.1967), the court held that a hearing on a motion for new trial was a subsequent proceeding relative to the charge, and the court's action in forfeiting the bond for failure to appear at such hearing was proper. In *McCallum* the defendant was placed on misdemeanor probation but filed a motion for new trial. The conviction was one from which he could have taken an appeal if his motion for new trial had been overruled. We adhere to our ruling in *McCallum.* While there may be other subsequent proceedings had relative to the charge, we cannot conclude that the proceedings utilized by the court in the

instant cases were such subsequent proceedings had relative to the charge as contemplated by the statute. In Causes Nos. 50,-573 and 50,575 judgments were entered and sentences were pronounced. No motions for new trial were filed and no notices of appeal were given. Clearly the convictions had become final. Article 42.09, Vernon's Ann.C.C.P., provides that the sentence shall begin to run on the day the same is pronounced unless an appeal is taken. See *Ex parte Voelkel,* 517 S.W.2d 291 (Tex.Cr.App. 1975).

■ In Cause No. 50,573, after the sentence had become final, the court gave the principal Morphis a little more than two months to pay his fine and court costs and to serve his time. While the provisions of Article 42.15, Vernon's Ann.C.C.P., permit the court to allow a defendant to pay his fine and costs at some later date, the statute does not apply to jail time. Article 42.09, Sec. 2, Vernon's Ann.C.C.P., provides "a defendant shall be delivered to jail . . when his sentence to imprisonment is pronounced." See and compare Articles 42.11 through 43.13, Vernon's Ann.C.P. The court was obviously unauthorized to allow the principal-defendant Morphis time before he commenced serving his jail time.[1]

■ Article 43.03, Vernon's Ann.C.C.P., provides that if an accused is sentenced to pay a fine or costs or both and he defaults in payment the court may order him imprisoned in jail until discharged by law. Article 43.07, Vernon's Ann.C.C.P., also provides for an execution to issue for the fine and costs even though a capias has been issued for the defendant's arrest. Thus, it is clear that when Morphis failed to pay his fine and costs at the later date set in accordance with Article 42.15, supra, the above remedy was available to the court. Under the circumstances here described, the court was

1. Article 42.03, Sec. 5, Vernon's Ann.C.C.P., does permit the trial judge, where jail time has been assessed to provide that the punishment may be served during "off-work hours, or on weekends," and further provides that the court may require bail to insure faithful performance. There was no such order in the instant case or cases to bring such provision into play.

not authorized merely to set the case and forfeit the bond when the principal-defendant failed to appear and to pay his fine and costs or to serve his jail time. The proceedings were not "subsequent proceedings had relative to the charge." It was clearly an attempt to forfeit the bond to pay the fine and court costs.

In Cause No. 50,575, the fact situation was similar except the principal Burton had served his jail time but had not paid his fine or 'court costs at the time set by the court. For the same reasons stated above, the court was not authorized to forfeit the bond.

■ In Cause No. 50,574, the defendant Alvarado was placed on probation. Unlike the *McCallum* case, Alvarado did not file a motion for new trial, nor did he give notice of appeal. When he did not pay his fine and court costs as required by the condition of probation, no motion to revoke probation was filed, but the court set the case on the docket and when Alvarado failed to appear, the original appearance bond was forfeited. Again we conclude that this was not a "subsequent proceeding had relative to the charge," and the court was unauthorized to forfeit the bond under these circumstances.

The judgments are reversed and the causes remanded.