**H. H. TRAMMEL et al., Appellants,**

**v.**

**The STATE of Texas, Appellee.**

**No. 50753.**

Court of Criminal Appeals of Texas.

Nov. 12, 1975.

See also, Tex.Cr.App., 529 S.W.2d 530.

Richard C. Jenkins, Dallas, for appellants.

Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

GREEN, Commissioner.

This appeal is from a final bond forfeiture judgment, in which the sureties H. H. Trammel and Joe Cypert are appellants.

The appeal presents the question of whether the bond can be forfeited when the principal is placed on misdemeanor probation and violates the probationary condition to pay a fine.

The record reflects that on March 9, 1973, the principal in the appearance bond, Anita Duckworth Fogle, was charged by information in the County Criminal Court No. 3 of Dallas County with the misdemeanor offense of driving a motor vehicle while intoxicated. She was released on a surety bond which is not involved in this appeal. This bond was subsequently forfeited for her nonappearance in court and on July 18, 1973, she was released on executing the bond in question in the penal sum of $200.00 with appellants as sureties. The bond was conditioned that the defendant-principal Fogle appear to answer the charge against her and "for any and all subsequent proceedings had relative to the charge, until discharged by course of law."

On October 12, 1973, defendant Fogle plead guilty and was convicted of the charge against her. Punishment was assessed at 30 days confinement, probated, and a fine of $100.00. The term of the probation of the jail sentence was extended for one year to October 12, 1974, and the fine and court costs were ordered to be paid not later than November 21, 1973. The sum of $60 was paid on the fine by defendant Fogle on the day of the judgment. No motion for new trial was filed, and no notice of appeal was given.

The balance of the fine and the court costs had not been paid by January 28, 1975, and on that date judgment nisi was entered on the bond against the principal and sureties due to the failure of defendant Fogle to appear in court. Notice was duly served on appellants, and on May 16, 1975, after a hearing, the trial court made the judgment final in the penal sum of $200.00.

In their second ground of error, appellants contend that the court erred in forfeiting the bond because no condition of the bond had been breached. We agree. See *McConathy v. State*, 528 S.W.2d 594 (1975).

In *McConathy*, supra (our Cause No. 50,574), the surety bond was forfeited because of the failure of the defendant-principal, who had been assessed a jail term, probated, and a fine, to pay the fine and court costs. The Court, in reversing the judgment, cited Articles 17.01 and 17.02, V.A.C.C.P., and said:

"The prime object or purpose of bail is to secure the presence of an accused upon trial of an accusation against him. It is not a revenue measure intended to be a substitution for a fine, but is intended to secure the trial of the alleged offender

rather than turn his securities or those of his bondsman into a penalty. *Grantham v. State*, 408 S.W.2d 235 (Tex.Cr.App. 1966), and cases there cited.

"Article 17.09, Vernon's Ann.C.C.P., provides that a bail bond for the appearance of a defendant 'shall be valid and binding upon the defendant and his sureties, if any, thereon, for the defendant's personal appearance before the court or magistrate designated therein, as well as before any other court to which same may be transferred, and for any and all subsequent proceedings had relative to the charge, . . . .'

    \*    \*    \*    \*    \*    \*

"The term 'subsequent proceedings had relative to the charge' is not defined in the statute, and there is not much decisional law on the same. . . . While there may be other subsequent proceedings had relative to the charge, we cannot conclude that the proceedings utilized by the court in the instant cases were such subsequent proceedings had relative to the charge as contemplated by the statute. . . .

    \*    \*    \*    \*    \*    \*

"In Cause No. 50,574, the defendant Alvarado was placed on probation. Unlike the *McCallum* case (*McCallum v. State*, 411 S.W.2d 361), Alvarado did not file a motion for new trial, nor did he give notice of appeal. When he did not pay his fine and court costs as required by the condition of probation, no motion to revoke probation was filed, but the court set the case on the docket and when Alvarado failed to appear, the original appearance bond was forfeited. Again we conclude that this was not a 'subsequent proceeding had relative to the charge,' and the court was unauthorized to forfeit the bond under these circumstances."

For the reasons stated in *McConathy*, supra, the court was not authorized to forfeit the bond in the instant case.

In view of the disposition we make of the appeal, it is not necessary that we discuss the remaining grounds of error.

The judgment is reversed, and the cause is remanded.

Opinion approved by the Court.

DOUGLAS, J., not participating.