Richard McCONATHY, Appellant,

v.

The STATE of Texas, Appellee.

No. 52984.

Court of Criminal Appeals of Texas.

Dec. 15, 1976.

Kerry P. Fitzgerald, Dallas, for appellant.

Henry Wade, Dist. Atty., and Harry J. Schulz, Jr., Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

### OPINION

ONION, Presiding Judge.

This is an appeal from a final judgment forfeiting a bail bond in the amount of $200.00.

Cecil Frank Kovar was charged by complaint and information with the offense of theft of more than $5.00 but less than $20.00 and was arrested on October 3, 1975. On the same date he was released on a $200.00 bail bond with the appellant McConathy as surety. On February 10, 1976 Kovar signed a printed form which waived trial by jury and "any delay in sentencing." On that date he entered a guilty plea to the theft charge and his punishment was assessed at thirty (30) days in the county jail and a fine of $150.00. However, the court placed him on probation for six (6) months under the terms of Article 42.13, Vernon's Ann.C.C.P. On the same date Kovar filed a motion for new trial. On March 1, 1976 Kovar filed an amended motion for new trial. On March 23, 1976 a hearing was called on the amended motion for new trial. Kovar failed to appear and the court entered a judgment nisi. On May 28, 1976, after a hearing, the judgment nisi was made final.

At the outset appellant contends his liability as surety was discharged and terminated on February 10, 1976, when the principal Kovar was "finally convicted and sentenced" and that any subsequent proceedings were unauthorized and void as a matter of law. There is nothing in the record to reflect or even suggest that Kovar was sentenced on February 10, 1976. In fact, the contrary appears. Kovar was granted misdemeanor probation on that date. Article 42.13, § 4, Vernon's Ann.C.C.P., provides that in such cases the finding of guilt does not become final and the court does not even render judgment. While the court is required to record the grant of probation and the details of the judgment, there is no final conviction. Without a judgment there can be no sentence. Article 42.02, Vernon's Ann.C.C.P. We reject appellant's contention.

In the alternative, the appellant argues that his liability as a surety on the bond was discharged on March 22, 1976, the date that Kovar's amended motion for new trial was overruled by operation of law, and thereafter no subsequent proceedings were

authorized by law absent the giving of the notice of appeal by the principal on the bond, which in the instant case was not done.

 The amended motion for new trial was overruled by operation of law twenty days after it was filed on March 1, 1976. See Article 40.05, Vernon's Ann.C.C.P.; *St. Jules v. State*, 438 S.W.2d 568 (Tex.Cr.App. 1969); *Morton v. State*, 502 S.W.2d 121 (Tex.Cr.App.1973). And the rule is applicable in misdemeanor probation cases for the reasons set forth in *McIntosh v. State*, 534 S.W.2d 143 (Tex.Cr.App.1976). Therefore on March 23, 1976, when the court called a hearing on the amended motion for new trial, it had already been overruled by operation of law. What then was Kovar's status on March 23 so as to affect the appellant's liability as surety on the bail bond?

In *Ross v. State*, 523 S.W.2d 402 (Tex.Cr. App.1975), this court concluded that terms of probation commenced at the time an order dismissing the appeal was entered. Analogy was made to *Delorme v. State*, 488 S.W.2d 808 (Tex.Cr.App.1973), where it was held that the terms of probation do not commence until the mandate of this court is issued when an appeal has been taken.

 In the instant case where no notice of appeal was given by the principal-defendant, we conclude the terms of probation commenced on the day the amended motion for new trial was overruled by operation of law. The court was not authorized to hold a hearing the next day on the already overruled amended motion for new trial as Article 40.05, Vernon's Ann.C.C.P., does not authorize the court to extend the time in which such motions may be determined, and Kovar's probation had already commenced. Thus, we do not construe the unauthorized hearing to be a subsequent proceeding had relative to the offense charged as contemplated by Article 17.09, Vernon's Ann.C.C.P. We hold that under the circumstances of the instant case the appellant-surety's liability to insure the principal's appearance at a subsequent proceeding was discharged upon the date the motion for new trial was overruled by oper-

ation of law as his misdemeanor probation had commenced and there could be no subsequent proceedings had relative to the charge absent the giving of a notice of appeal.

The judgment is reversed and the cause remanded.