## SURETY CORPORATION OF AMERICA, Appellant,

v.

## The STATE of Texas, Appellee.

### No. 54301.

Court of Criminal Appeals of Texas.

May 18, 1977.

Kerry P. Fitzgerald, Richard T. McConathy, Dallas, for appellant.

Henry Wade, Dist. Atty. and Harry J. Schulz, Jr., Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

BROWN, Commissioner.

This is an appeal from a final judgment forfeiting a bail bond in the amount of $10,000.00.

The principal-defendant, James Earl Walker, was originally charged with the felony offense of aggravated robbery. Appellant posted an appearance bond in behalf

of Walker on March 20, 1975 in the amount of $10,000. Walker pled guilty to the charge before a jury which assessed punishment at ten (10) years in the Texas Department of Corrections and recommended that Walker be placed on probation. Imposition of sentence was suspended and Walker was placed on probation on October 2, 1975 at which time he gave notice of appeal. In a per curiam opinion delivered May 12, 1976 Walker's conviction was affirmed by this Court. Mandate was issued on May 28, 1976. Thereafter, the trial court set the case for "resentencing" on June 14, 1976 and then reset the case for June 21, 1976. Walker failed to appear. On June 21, 1976 the trial court forfeited appellant's bond and entered a judgment nisi. After a hearing on the bond forfeiture the trial court entered a final judgment on November 23, 1976.

In his first ground of error appellant contends that the trial court erred in forfeiting appellant's bond and entering final judgment against appellant because appellant's liability was discharged upon the affirmance of the principal-defendant's conviction and issuance of mandate by this Court.

A similar contention was raised in *McConathy v. State*, 544 S.W.2d 666 (Tex.Cr.App. 1976). In that case the principal was placed on probation, filed a motion for new trial and an amended motion for new trial, but gave no notice of appeal. The amended motion for new trial was overruled by operation of law and on the following day the trial court called a hearing on the amended motion for new trial and the principal failed to appear. The trial court then entered a judgment nisi. On appeal of the final judgment forfeiting the bond, we held that the principal's probation had commenced with the overruling of his amended motion for new trial and, therefore, the trial court was not authorized to hold a hearing. Such an unauthorized hearing was not a "subsequent proceeding" had relative to the offense charged as contemplated by Article 17.09, Vernon's Ann.C.C.P. The appellant-surety's liability to insure the principal's

appearance was discharged on the date the amended motion for new trial was overruled by operation of law.

■ In that opinion we also noted that where the accused is placed on probation and appeals his conviction, the terms of probation do not commence until the mandate of this Court is received by the clerk. See *Delorme v. State*, 488 S.W.2d 808 (Tex. Cr.App.1973). Such is the situation in the instant case. The terms of Walker's probation commenced on May 28, 1976 when mandate was issued from this Court.

The State maintains, however, that the trial court had "the right and duty" upon receipt of our mandate to summon the principal to court to inform him that his conviction had been affirmed and that his period of probation had commenced to run and that he would have to comply with the conditions thereof. The record does not reflect that this was the purpose of the June hearing dates as recited above. The trial court's docket sheet reflects a June 14, 1976 setting for "resent" and a June 21, 1976 resetting for "resentencing."

■ A sentence, as defined by Article 42.02, Vernon's Ann.C.C.P. is required to be pronounced in all cases before an appeal is taken, except in death penalty cases and in probation cases where imposition of sentence is suspended. Article 42.04, Vernon's Ann.C.C.P.; *Woods v. State*, 532 S.W.2d 608 (Tex.Cr.App.1976). Where, as in the instant case, the accused is granted probation, there is no formal sentencing as contemplated by Article 42.02, supra, and Article 42.03. Therefore, the trial court was not authorized to hold a hearing for "resentencing" after issuance of this Court's mandate.

■ The appellant-surety's liability to insure the principal's appearance at a subsequent proceeding was discharged upon the issuance of mandate from this Court because his probation had commenced and there could be no subsequent proceedings had relative to the charge as contemplated by Article 17.09, supra. See also *McConathy v. State*, 528 S.W.2d 594, 598 (Tex.Cr. App.1975) where the principal was placed

on probation and did not file a motion for new trial or give notice of appeal. When he failed to pay his fine and court costs as required by the terms of his probation, no motion to revoke probation was filed, but the court set the case on the docket and when the principal failed to appear, the original appearance bond was forfeited. We held that this was not a "subsequent proceeding had relative to the charge" and the court was unauthorized to forfeit the bond.

The judgment is reversed and the cause remanded.

Opinion approved by the Court.