Pedro G. **RODRIGUEZ**, Appellant,

v.

**STATE** of Texas, Appellee.

No. 13–84–004–CR.

Court of Appeals of Texas,
Corpus Christi.

Oct. 18, 1984.

William G. Burnett, Sinton, for appellant.

Richard Hatch, County Atty., Sinton, for appellee.

Before NYE, C.J., and KENNEDY and SEERDEN, JJ.

OPINION

NYE, Chief Justice.

This is a summary judgment case involving forfeiture of an appearance bond. Appellant is a surety on an appearance bond that guaranteed the appearance of his client, Gene Patrick Tucker, in a misdemeanor case. Tucker appeared and pled guilty to the misdemeanor offense of driving while intoxicated on May 27, 1982. The trial court deferred further proceedings without an actual adjudication of guilt. The court then placed Tucker on probation for fifteen months.

On August 2, 1983, fourteen months later, the state filed a Motion to Proceed to Final Adjudication, alleging a probation violation. Tucker was ordered to appear in court, but did not appear. The trial court then entered a Judgment Nisi forfeiting the bond. The state filed a motion for summary judgment against appellant as a surety on the appearance bond. The trial court granted the state's motion for summary judgment against appellant.

Both parties contend on appeal that the sole issue to be considered is whether or not a surety on a bail bond is discharged when his principal appears and is then placed on probation pursuant to deferred adjudication; or whether the hearing on the motion to set aside the deferred adjudication is a "subsequent proceeding" under TEX.CODE CRIM.PROC.ANN. art. 17.09 (1977), in which case the bondsman continues to guarantee the principal's appearance.

■ A bond forfeiture is a criminal action, but, after the entry of a judgment nisi, all the proceedings are governed by the same rules as govern in civil cases. *Tinker v. State*, 561 S.W.2d 200 (Tex.Crim. App.1978); *Blue v. State*, 170 Tex.Cr.R. 449, 341 S.W.2d 917 (App.1960).

■ The primary purpose of an appearance bond is to secure the presence of the defendant in court upon the trial of the accusation against him. *Ex parte Rodriguez*, 595 S.W.2d 549 (Tex.Crim.App.1980); *Ex parte Vasquez*, 558 S.W.2d 477 (Tex. Crim.App.1977). It is not a revenue measure intended as a fine. *Trammel v. State*, 529 S.W.2d 528 (Tex.Crim.App.1975). TEX. CODE CRIM.PROC.ANN. art. 17.09 (Vernon 1977) states that the surety will be liable for the defendant's personal appearance before the court "as well as before any and all *subsequent proceedings* had relative to the charge, ...." (emphasis ours). Appellant argues that, in this type of case (involving deferred adjudication), the liability of the surety is identical to the liability of a surety in a case in which the trial court has granted a defendant probation. The state contends, on the other hand, that a deferred adjudication case is similar to granting a continuance because there has been no final conviction, and a motion to proceed to final adjudication constitutes a subsequent proceeding under TEX.CODE CRIM.PROC.ANN. art. 17.09.

The term "subsequent proceeding" is not defined by statute, nor is there much deci-

sional law which clarifies the term. A hearing on a motion for new trial has been considered a subsequent proceeding relative to the charge. *McCallum v. State,* 411 S.W.2d 361 (Tex.Crim.App.1967). If a motion for new trial is overruled by operation of law and a later hearing is held on such motion, such later hearing is not a "subsequent proceeding" within the parameters of TEX.CODE CRIM.PROC.ANN. art. 17.09. *McConathy v. State,* 544 S.W.2d 666 (Tex.Crim.App.1976).

■ The guarantee and liability under an appearance bond in a misdemeanor case is discharged when the principal appears in court at the trial of his case and the term of probation commences. *See: Surety Corp. of America v. State,* 550 S.W.2d 689 (Tex.Crim.App.1977); *McConathy v. State,* 544 S.W.2d 666 (Tex.Crim.App.1976). If an accused is placed on probation and appeals from this conviction, the terms of probation do not commence until the mandate of the higher court is received by the clerk. *Surety Corp. of America v. State,* 550 S.W.2d at 690; *see Delorme v. State,* 488 S.W.2d 808 (Tex.Crim.App.1973). If there is no appeal from the conviction, the terms of probation commence when a motion for new trial is overruled. *See McConathy v. State,* 544 S.W.2d at 668.

■ While the procedure designated under TEX.CODE CRIM.PROC.ANN. art. 42.12 § 2(b) and probation as designated by TEX.CODE CRIM.PROC.ANN. art. 42.12 § 3d are not equivalent, we see no reason to differentiate between the liability of the surety in a regular probation case and a deferred adjudication case. Article 42.12 § 3d allows a trial court to place a defendant on probation for a period not to exceed ten years. It does not seem reasonable to us that a surety on an appearance bond could be held potentially liable for such a lengthy period. If a surety is to be held liable until final conviction, a surety's liability in a deferred adjudication would never cease until the defendant completed probation commitment because, in a deferred adjudication case, there is no final conviction. We hold that the surety is released when the defendant's term of probation commences in a deferred adjudication case. In this type of case, the court receives the plea of guilty or nolo contendere, hears the evidence and finds that it substantiates the defendant's guilt but defers further proceedings without entering an adjudication of guilt and places the defendant on probation. TEX.CODE CRIM.PROC.ANN. art. 42.12 § 3d (Vernon Supp.1984). A defendant whose adjudication of guilt is deferred does not have a final conviction and may not appeal unless he proceeds to a final adjudication. *McNew v. State,* 608 S.W.2d 166 (Tex.Crim.App.1978). However, a defendant who has received a deferred adjudication may file a written motion within thirty days after the plea and deferment of adjudication, requesting final adjudication. TEX.CODE CRIM.PROC.ANN. art. 42.12 § 3d.

■ In the case at bar, the appellant pled guilty to misdemeanor driving while intoxicated on May 27, 1982 and was ordered placed on probation. He did not move for final adjudication. We find that the surety was discharged when the defendant appeared in court and his period of probation commenced. We see no distinction between regular probation and deferred adjudication as they relate to the liability of the surety on an appearance bond. The surety has guaranteed that the defendant will appear to answer the accusation against him. This was accomplished. We do not believe that the State's Motion to Proceed to Final Adjudication is a subsequent proceeding as might be contemplated by TEX.CODE CRIM.PROC. ANN. art. 17.09. To hold a surety liable on an appearance bond for the duration of probation would discourage the bail process with respect to first-time misdemeanor offenders and would require much more of the surety than the law contemplates.

Appellant's point of error is sustained, and the case is reversed and remanded to the trial court with instructions to discharge the surety.

KENNEDY, dissents.

KENNEDY, Justice, dissenting.

I respectfully dissent. TEX.CODE CRIM.PROC.ANN. art. 17.09 (Vernon 1977) Sec. 1 provides:

Sec. 1. Where a defendant, in the course of a criminal action, gives bail before any court or person authorized by law to take same, for his personal appearance before a court or magistrate, to answer a charge against him, the said bond shall be valid and binding upon the defendant and his sureties, if any, thereon, for the defendant's personal appearance before the court or magistrate designated therein, as well as before any other court to which same may be transferred, *and for any and all subsequent proceedings* had relative to the charge, and each such bond shall be so conditioned except as hereinafter provided. (Emphasis supplied).

I agree with the majority opinion down to the real question to be decided, i.e., is a hearing to revoke probation a subsequent proceeding where the defendant has never been convicted as is the situation in unadjudicated probation? The majority would hold that the same rule should govern the placing of a defendant on unadjudicated probation to that of placing him on probation after conviction. I disagree.

I have read the cases annotated under Art. 17.09 as well as those annotated in 7 Tex.D 2d Sec. 75.2(2) and they are of little aid in deciding the threshold question mentioned above. Likewise, our Code of Criminal Procedure does not specify the exact date when sureties are discharged in a case which proceeds to trial. Apparently we are breaking new ground here.

I would hold that in a misdemeanor case a bail bond should bind the sureties thereon until a defendant is *finally* convicted. Final conviction should be the *cut-off date.*

In this I find comfort in the holding by our Court of Criminal Appeals that the sureties are so bound even after judgment of conviction as long as a motion for new trial is pending and even until sentence has been pronounced. *McConathy v. State,* 545 S.W.2d 781 (Tex.Crim.App.1976).

I would affirm the trial court.