

# THE ATTORNEY GENERAL
## OF TEXAS

JIM MATTOX
ATTORNEY GENERAL

September 7, 1990

Honorable John Vance
District Attorney
Administration Building
411 Elm Street
Dallas, Texas    75202

Opinion No.  JM-1217

Re:  Acceptance of bail bonds by peace officers under articles 17.01 and 17.02 of the  Texas Code of Criminal Procedure (RQ-2016)

Dear Mr. Vance:

You ask whether  bail bonds  may be  accepted by  peace officers at locations other than  the county jail under  the provisions of  articles  17.01  and 17.02  of  the  Code  of Criminal Procedure.

Article 17.01 defines "bail" as "the security given  by the accused that he will appear and answer before the proper court the  accusation brought  against him,  and includes  a bail bond or  personal bond."  Article  17.02 defines  "bail bond" as follows:

> A 'bail  bond'  is a  written  undertaking entered  into  by  the  defendant  and  his sureties for the appearance of the  principal therein before  some court  or magistrate  to answer  a  criminal  accusation;   provided, however, that the defendant upon execution of such bail bond may deposit with the custodian of funds of the  court in which the  prosecution is pending current  money of the  United States in the amount of  the bond in lieu  of having sureties signing  the same.  Any  cash funds deposited under  this Article shall  be receipted for  by the  officer receiving  the same and shall be  refunded to the  defendant if and when the  defendant complies with  the conditions of his bond, and upon order of the court.

Article  17.05  of  the  Code  of  Criminal  Procedure provides:

> A bail bond is entered into either before a magistrate, upon an examination of a criminal accusation, or before a judge upon an application under habeas corpus; _or it is taken from the defendant by a peace officer if authorized by Article 17.20, 17.21 or 17.22_. (Emphasis added.)

Article 17.20 of the Code of Criminal Procedure provides that a sheriff, "or other peace officer" in case of misdemeanor, may, whether during the term of court or in vacation, take bail bond from a defendant he has in custody. Article 17.22 of the Code of Criminal Procedure permits the sheriff "or other peace officer" having a defendant in custody in a felony case to take his bail bond if the court before which the same is pending and is not in session in such amount as may have been fixed by the court in which the case is pending (or by a magistrate), or if no amount has been fixed, then in such amount as such officer may consider reasonable. Under article 17.21 of the Code of Criminal Procedure where the defendant is in custody of the sheriff or other peace officer, and the court is in session in the county where the accused is in custody, the court shall fix the amount of bail. The sheriff, or other peace officer "unless it be the police of a city" is authorized to take the bail bond of the accused in the amount fixed by the court. Police officers of an incorporated city, town, or village are included in the persons and officials in the definition of peace officers under article 2.12 of the Code of Criminal Procedure.

You state that the county auditor has voiced concern that the method devised by the sheriff's department for posting of bonds in the municipal police departments in the county may be in violation of article III, section 52, of the Texas Constitution, in that it constitutes the lending of credit of the county by the sheriff's department.

You advise that the circumstances that cause the auditor's concern arise when a municipal police officer has a person in custody charged with a non-municipal offense. By means of computer the sheriff's office is advised of this fact and the necessary bond and release forms are sent the police department by the same medium. The municipal agency obtains the necessary signatures on the bond, a police officer approves the bond, and the suspect is released. The bond money or the surety bond is delivered to the sheriff's office the next day.

You relate that the foregoing plan is designed to replace a system that resulted in holding a prisoner in a municipal facility until such time as the person posting the bond made a trip to the county jail to pay the bond directly to the sheriff's department. In the event of a surety bond, two or more trips between the county jail and municipal facility were required to obtain the bond form, get the necessary signatures, return same to the sheriff's department and wait until the sheriff's department notified the municipality to release the accused.

Article III, section 52, of the Texas Constitution prohibits the legislature from authorizing "any county . . . to lend its credit or to grant public money or [any] thing of value in aid of, or to any individual, association or corporation whatsoever." See Attorney General Opinion JM-522 (1986).

The court of criminal appeals in McConathy v. State, 528 S.W.2d 594 (Tex. Crim. App. - 1975), reviewed the purpose of a bail bond. The court stated:

> The prime object or purpose of bail is to secure the presence of an accused upon trial of an accusation against him. It is not a revenue measure intended to be a substitution for a fine, but is intended to secure the trial of the alleged offender rather than turn his securities or those of his bondsman into a penalty. (Emphasis added.)

There is not only statutory authority for the police officer to take and approve a bail bond under certain circumstances, there is no transaction between the county and the defendant whereby the county would be extending credit to the defendant. See generally Attorney General Opinion JM-749 (1987). In those circumstances enumerated in articles 17.20 and 17.22 where a municipal police officer is authorized to take the bail bond of the person he has in custody, we perceive no reason why bail bonds may not be taken at places other than at the county jail. The utilization of computers in the method you have suggested would appear to avoid delay in the bail bond process and afford a more timely method for the sheriff's office to keep informed of non-municipal violations charged by city police in the municipalities within the county. We perceive no violation of article III, section 52, of the Texas Constitution when bail bonds are accepted by peace officers at places other than the county

jail under  the provisions  of  articles 17.20,   17.21,   and 17.22 of the Code of Criminal Procedure.[1]

### S U M M A R Y

The acceptance  of  bail  bonds  by  peace officers for non-municipal offenses at   loca-tions other than the county jail pursuant  to the provisions of articles 17.20, 17.21,   and 17.22 of the  Code of  Criminal Procedure  is not violative of article III, section 52,   of the Texas Constitution.

Very truly yours,

J I M   M A T T O X
Attorney General of Texas

---

1.  Attorney General  Opinion JM-760   (1987)   addressed the matter of the release of a defendant on a personal  bond under article  17.03  of  the Code  of  Criminal  Procedure. Attorney General Opinion JM-760 concluded:

A peace officer may not, without authorization from a court  or magistrate (except in  traffic cases,   an arresting officer  may release  an individual  by  ob-taining his written promise  to appear in court,   art. 6701d, § 148  V.T.C.S.),  release  on personal  bond  a defendant charged with a misdemeanor.

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Tom G. Davis
Assistant Attorney General