Honorable John Vance District Attorney Administration Building 411 Elm Street Dallas, Texas 75202
Re: Acceptance of bail bonds by peace officers under articles 17.01 and 17.02 of the Texas Code of Criminal Procedure (RQ-2016)
Dear Mr. Vance:
You ask whether bail bonds may be accepted by peace officers at locations other than the county jail under the provisions of articles 17.01 and 17.02 of the Code of Criminal Procedure.
Article 17.01 defines "bail" as "the security given by the accused that he will appear and answer before the proper court the accusation brought against him, and includes a bail bond or personal bond." Article 17.02 defines "bail bond" as follows:
 A `bail bond' is a written undertaking entered into by the defendant and his sureties for the appearance of the principal therein before some court or magistrate to answer a criminal accusation; provided, however, that the defendant upon execution of such bail bond may deposit with the custodian of funds of the court in which the prosecution is pending current money of the United States in the amount of the bond in lieu of having sureties signing the same. Any cash funds deposited under this Article shall be receipted for by the officer receiving the same and shall be refunded to the defendant if and when the defendant complies with the conditions of his bond, and upon order of the court.
Article 17.05 of the Code of Criminal Procedure provides:
 A bail bond is entered into either before a magistrate, upon an examination of a criminal accusation, or before a judge upon an application under habeas corpus; or it is taken from the defendant by a peace officer if authorized by Article 17.20, 17.21 or 17.22. (Emphasis added.)
Article 17.20 of the Code of Criminal Procedure provides that a sheriff, "or other peace officer" in case of misdemeanor, may, whether during the term of court or in vacation, take bail bond from a defendant he has in custody. Article 17.22
of the Code of Criminal Procedure permits the sheriff "or other peace officer" having a defendant in custody in a felony case to take his bail bond if the court before which the same is pending and is not in session in such amount as may have been fixed by the court in which the case is pending (or by a magistrate), or if no amount has been fixed, then in such amount as such officer may consider reasonable. Under article 17.21 of the Code of Criminal Procedure where the defendant is in custody of the sheriff or other peace officer, and the court is in session in the county where the accused is in custody, the court shall fix the amount of bail. The sheriff, or other peace officer "unless it be the police of a city" is authorized to take the bail bond of the accused in the amount fixed by the court. Police officers of an incorporated city, town, or village are included in the persons and officials in the definition of peace officers under article 2.12 of the Code of Criminal Procedure.
You state that the county auditor has voiced concern that the method devised by the sheriff's department for posting of bonds in the municipal police departments in the county may be in violation of article III, section 52, of the Texas Constitution, in that it constitutes the lending of credit of the county by the sheriff's department.
You advise that the circumstances that cause the auditor's concern arise when a municipal police officer has a person in custody charged with a non-municipal offense. By means of computer the sheriff's office is advised of this fact and the necessary bond and release forms are sent the police department by the same medium. The municipal agency obtains the necessary signatures on the bond, a police officer approves the bond, and the suspect is released. The bond money or the surety bond is delivered to the sheriff's office the next day.
You relate that the foregoing plan is designed to replace a system that resulted in holding a prisoner in a municipal facility until such time as the person posting the bond made a trip to the county jail to pay the bond directly to the sheriff's department. In the event of a surety bond, two or more trips between the county jail and municipal facility were required to obtain the bond form, get the necessary signatures, return same to the sheriff's department and wait until the sheriff's department notified the municipality to release the accused.
Article III, section 52, of the Texas Constitution prohibits the legislature from authorizing "any county . . . to lend its credit or to grant public money or [any] thing of value in aid of, or to any individual, association or corporation whatsoever." See Attorney General Opinion JM-522 (1986).
The court of criminal appeals in McConathy v. State,528 S.W.2d 594 (Tex.Crim.App.-1975), reviewed the purpose of a bail bond. The court stated:
 The prime object or purpose of bail is to secure the presence of an accused upon trial of an accusation against him. It is not a revenue measure intended to be a substitution for a fine, but is intended to secure the trial of the alleged offender rather than turn his securities or those of his bondsman into a penalty. (Emphasis added.)
There is not only statutory authority for the police officer to take and approve a bail bond under certain circumstances, there is no transaction between the county and the defendant whereby the county would be extending credit to the defendant. See generally Attorney General Opinion JM-749 (1987). In those circumstances enumerated in articles 17.20 and 17.22 where a municipal police officer is authorized to take the bail bond of the person he has in custody, we perceive no reason why bail bonds may not be taken at places other than at the county jail. The utilization of computers in the method you have suggested would appear to avoid delay in the bail bond process and afford a more timely method for the sheriff's office to keep informed of non-municipal violations charged by city police in the municipalities within the county. We perceive no violation of article III, section 52, of the Texas Constitution when bail bonds are accepted by peace officers at places other than the county jail under the provisions of articles 17.20, 17.21, and17.22 of the Code of Criminal Procedure.[1]
 SUMMARY
The acceptance of bail bonds by peace officers for non-municipal offenses at locations other than the county jail pursuant to the provisions of articles 17.20, 17.21, and 17.22 of the Code of Criminal Procedure is not violative of article III, section 52, of the Texas Constitution.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Mary Keller First Assistant Attorney General
 Lou McCreary Executive Assistant Attorney General
 Judge Zollie Steakley Special Assistant Attorney General
 Renea Hicks Special Assistant Attorney General
 Rick Gilpin Chairman, Opinion Committee
 Prepared by Tom G. Davis Assistant Attorney General
[1] Attorney General Opinion JM-760 (1987) addressed the matter of the release of a defendant on a personal bond under article 17.03 of the Code of Criminal Procedure. Attorney General Opinion JM-760 concluded:
 A peace officer may not, without authorization from a court or magistrate (except in traffic cases, an arresting officer may release an individual by obtaining his written promise to appear in court, art. 6701d, § 148 V.T.C.S.), release on personal bond a defendant charged with a misdemeanor.