OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS



December 29, 1999

The Honorable James Eidson                    Opinion No. JC-0163
Taylor County Criminal District Attorney
300 Oak Street                                Re:    Whether a county or district clerk may
Abilene, Texas 79602-1577                     withhold fee from funds deposited as cash bail
                                              bond  (RQ-0113-JC)

Dear Mr. Eidson:

You ask whether a county or district clerk may withhold an administrative fee from the return of funds deposited with the clerk as a cash bail bond pursuant to article 17.02 of the Code of Criminal Procedure. We conclude that the clerks may do so pursuant to section 117.055 of the Local Government Code.

Bail is "the security given by the accused that he will appear and answer before the proper court the accusation brought against him, and includes a bail bond or a personal bond." TEX. CODE CRIM. PROC. ANN. art. 17.01 (Vernon 1977). Article 17.02 of the Code of Criminal Procedure defines a bail bond and allows a defendant in custody to deposit cash with the court in lieu of having sureties sign a bond. *Id.* art. 17.02. With respect to the refund of a cash bail bond, article 17.02 provides that "[a]ny cash funds deposited under this Article shall be receipted for by the officer receiving the same and shall be refunded to the defendant if and when the defendant complies with the conditions of his bond, and upon order of the court." *Id.*

Courts and this office have said that the primary purpose of bail is to secure the presence of an accused upon trial of an accusation against him. *See McConathy v. State*, 528 S.W.2d 594, 596 (Tex. Crim. App. 1975); *accord Trammel v. State*, 529 S.W.2d 528, 529-30 (Tex. Crim. App. 1975); *De Leon v. Pennington*, 759 S.W.2d 201, 202 (Tex. App.–San Antonio 1988, orig. proceeding); Tex. Att'y Gen. Op. No. JC-0024 (1999) at 4. "It is not a revenue measure intended to be a substitution for a fine, but is intended to secure the trial of the alleged offender rather than turn his securities or those of his bondsman into a penalty." *McConathy*, 528 S.W.2d at 596. Thus, this office has concluded that once a defendant has complied with the conditions of his bond, the cash deposited as bail must be refunded to him and may not be withheld to pay any fines or penalties owed by the defendant. Tex. Att'y Gen. Op. No. JC-0024 (1999) at 3-4.

Furthermore, article 17.02 provides that "*[a]ny* cash funds" deposited as bail shall be refunded to the defendant if and when the defendant complies with the conditions of his bond. TEX. CODE CRIM. PROC. ANN. art. 17.02 (Vernon 1977) (emphasis added). Undefined words and phrases

in a statute must be read in context and construed according to the rules of grammar and common usage. *See* TEX. GOV'T CODE ANN. § 311.011 (Vernon 1998). When used in a statute, "any" normally means "all." *See Hime v. City of Galveston*, 268 S.W.2d 543, 545 (Tex. Civ. App.–Waco 1954, writ ref'd n.r.e.); *Branham v. Minear*, 199 S.W.2d 841, 845-46 (Tex. Civ. App.–Eastland 1947, writ ref'd n.r.e.). Construing "any" in article 17.02 to mean "all" is consistent with the purpose of the statute, that is, to guarantee the defendant's appearance in court rather than to raise revenue. Thus, under article 17.02 of the Code of Criminal Procedure, all funds deposited as a cash bail bond must be refunded to the defendant once he complies with the conditions of his bond.

At the same time, section 117.055 of the Local Government Code allows a county or district clerk to withhold from certain "registry funds" deposited with the clerks a fee of five percent, or as much as $50.00, for accounting and administrative expenses incurred in handling the funds. Chapter 117 of the Local Government Code sets out procedures for the handling of registry funds that are deposited with county and district clerks. *See* TEX. LOC. GOV'T CODE ANN. §§ 117.001-.124 (Vernon 1999 & Supp. 2000). "Registry funds" subject to chapter 117 are "funds tendered to the [county or district] clerk for deposit into the registry of the court." *Id.* § 117.001(3) (Vernon 1999). These funds include funds deposited as a cash bail bond. *See id.* § 117.052(c); Tex. Att'y Gen. Op. Nos. DM-282 (1994) at 2; JM-1162 (1990) at 2.

Where registry funds are deposited in an interest bearing account, ten percent of the interest earned is paid to the general fund of the county to compensate the county for the accounting and administrative expenses of maintaining the account. TEX. LOC. GOV'T CODE ANN. § 117.054(b) (Vernon 1999). The remaining interest is returned to the depositor along with the principal deposit. *Id.* Attorney General Opinion DM-282 concluded that while interest earned on cash bail bond funds belong to the depositor, a county may retain a portion of the interest in accordance with section 117.054 of the Local Government Code. *See* Tex. Att'y Gen. Op. No. DM-282 (1994) at 3.

Where registry funds deposited with a court do not earn interest, an administrative fee is deducted directly from the funds pursuant to section 117.055 of the Local Government Code:

> (a) To compensate the county for the accounting and administrative expenses incurred in handling the registry funds that have not earned interest, including funds in a special or separate account, the clerk shall, at the time of withdrawal, deduct from the amount of the withdrawal a fee in an amount equal to five percent of the withdrawal but that may not exceed $50. Withdrawal of funds generated from a case arising under the Family Code is exempt from the fee deduction provided by this section.

> (b) A fee collected under this section shall be deposited in the general fund of the county.

TEX. LOC. GOV'T CODE ANN. § 117.055 (Vernon Supp. 2000). You tell us that your county's cash bail bonds are deposited in non-interest bearing accounts, thereby implicating the administrative fee withholding requirement of section 117.055. *See* Letter from Honorable James Eidson, Criminal District Attorney, Taylor County, to Opinion Committee, Office of the Attorney General, at 1 (Sept. 13, 1999) (on file with Opinion Committee).

Article 17.02 requires all cash deposited as a bail bond to be refunded to the defendant, and section 117.055 requires an administrative fee to be withheld from a cash bail refund. Thus, the statutes conflict. Although conflicting statutes can be reconciled by reading the more specific statute as an exception to the more general one, *see* TEX. GOV'T CODE ANN. § 311.026 (Vernon 1998), neither article 17.02 of the Code of Criminal Procedure nor section 117.055 of the Local Government Code is more specific or general than the other with respect to the treatment of cash bail bond deposits, and thus they conflict irreconcilably. When two statutes are irreconcilable, the statute latest in date of enactment prevails. *See id.* § 311.025.

Article 17.02 of the Code of Criminal Procedure was enacted in 1965 and has not been amended since that time.[1] Section 117.055 of the Local Government Code was enacted in 1987 and has been amended several times, including during the most recent legislative session. Prior to amendment in 1997, section 117.055 authorized withholding of an administrative fee only from trust funds deposited by litigants in civil proceedings.[2] Section 117.055 was amended in 1997[3] to make the administrative fee withholding provision applicable to "registry funds," which are defined by the statute to include funds deposited as cash bail bonds. *See* TEX. LOC. GOV'T CODE ANN. § 117.052(c) (Vernon 1999). Because it is the later-enacted statute, section 117.055 of the Local Government Code prevails over article 17.02 of the Code of Criminal Procedure. Accordingly, we conclude that a county or district clerk may, pursuant to section 117.055 of the Local Government Code, withhold an administrative fee from the return of funds deposited with the clerk as a cash bail bond pursuant to article 17.02 of the Code of Criminal Procedure.

---

[1]*See* Act of May 27, 1965, 59th Leg., R.S., ch. 722, § 1, 1965 Tex. Gen. Laws 317, 374.

[2]*See* Act of May 1, 1987, 70th Leg., R.S., ch. 149, § 1, 1987 Tex. Gen. Laws 707, 859.

[3]*See* Act of May 16, 1997, 75th Leg., R.S., ch. 505, § 15, 1997 Tex. Gen. Laws 1838, 1841.

## SUMMARY

Section 117.055 of the Local Government Code authorizes a county or district clerk to withhold an administrative fee from the return of funds deposited with the clerk as a cash bail bond pursuant to article 17.02 of the Code of Criminal Procedure.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

Barbara Griffin
Assistant Attorney General - Opinion Committee