OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS


March 23, 1999

The Honorable Michael P. Fleming
Harris County Attorney
1019 Congress, 15th Floor
Houston, Texas 77002-1700

Opinion No. JC-0024

Re: Procedure for receiving and refunding a cash bail bond posted pursuant to article 17.02 of the Code of Criminal Procedure (RQ-1190)

Dear Mr. Fleming:

Your questions require us to determine the proper procedures for receiving and refunding a cash bail bond posted pursuant to article 17.02 of the Code of Criminal Procedure. Bail is "the security given by the accused that he will appear and answer before the proper court the accusation brought against him, and includes a bail bond or a personal bond." TEX. CODE CRIM. PROC. ANN. art. 17.01 (Vernon 1977). Article 17.02 defines a bail bond and allows a defendant in custody to deposit cash with the court in lieu of having sureties sign a bond in order to obtain the defendant's release and secure his appearance in court. The statute provides:

> A "bail bond" is a written undertaking entered into by the defendant and his sureties for the appearance of the principal therein before some court or magistrate to answer a criminal accusation; provided, however, that the defendant upon execution of such bail bond may deposit with the custodian of funds of the court in which the prosecution is pending current money of the United States in the amount of the bond in lieu of having sureties signing the same.

*Id.* art. 17.02. Thus a bail bond may be either a cash bond or a surety bond. The surety for a surety bond is often, but not always, a professional bail bondsman. An Interpretive Commentary to the Code of Criminal Procedure explains:

> Members of the [Code Revision] Committee were disturbed by cases where people of means who were capable of posting a cash bond, but who were away from home when arrested and were required under the existing statutes to pay a professional bondsman an exorbitant fee in order to make bail.

*Id.* art. 17.01 interp. commentary. With respect to receipt and refund of a cash bail bond, article 17.02 provides:

> Any cash funds deposited under this Article shall be receipted for by the officer receiving the same and shall be refunded to the defendant if and when

> the defendant complies with the conditions of his bond, and upon order of the court.

*Id.* art. 17.02.

Your questions regard a common procedure in which a cash bail bond is paid not by the defendant, but by a third party. You tell us that in Harris County when a cash bond is paid by someone other than the defendant the receipt is issued in the name of the person who made the deposit, and when a refund is ordered the cash is returned to the same person. We consider whether this procedure is consistent with the requirements of article 17.02.

Your first question is whether a party other than the defendant may deposit cash in lieu of having sureties sign a bail bond in order to obtain the release of the defendant. We conclude that a third party may do so. Although article 17.02 states that *"the defendant . . . may deposit with the custodian of funds of the court"* cash in lieu of a surety bond, we think that article 17.02 contemplates that a person other than the defendant might present the cash to the court and deposit it to secure the defendant's release. While a statute ordinarily should be construed in accordance with its plain language, it should not be construed in a way that leads to an absurd result or one infeasible of execution. *See Barshop v. Medina County Underground Water Conservation Dist.*, 925 S.W.2d 618, 629 (Tex. 1996) ("Courts should not read a statute to create . . . an absurd result.") (citation omitted); TEX. GOV'T CODE ANN. § 311.021 (Vernon 1998) ("In enacting a statute, it is presumed that . . . a just and reasonable result is intended; [and] a result feasible of execution is intended . . . ."). A defendant in custody is unlikely to have sufficient cash in his possession to pay the bail, and such a defendant obviously is not in a position to retrieve the cash elsewhere himself. We do not think that the legislature intended to preclude a defendant from posting a cash bail bond under such circumstances. *See Ex parte Deaton*, 582 S.W.2d 151, 153 (Tex. Crim. App. [Panel Op.] 1979) ("The language of the statute as well as the commentary regarding same makes it clear that *the Legislature intended that a defendant be given the option or privilege under Article 17.02, supra, of posting cash in lieu of having sureties sign the bond.*"). We conclude, therefore, that a person other than the defendant may deposit cash to obtain the release of the defendant on a cash bail bond except that, as we shall explain, the deposit is viewed to have been made by the defendant.

Again, article 17.02 states that *"the defendant . . . may deposit"* cash in lieu of a surety bond. Article 17.02 further provides that a cash bail bond deposit "shall be refunded *to the defendant*" if the conditions of the bond are met. From the view of the court and the court officer receiving a cash bail bond deposit, the cash belongs to the defendant even if the cash was deposited by a third person. Article 17.02 is not concerned with the source of the cash, but only its role as the security for the defendant's subsequent appearance in court. Whatever arrangement the defendant makes with the third party who presents the cash to the court—whether the money belongs to the defendant or is a gift or loan from someone else—is a matter between those persons. Unless the third party signs the bond as a surety, the cash deposit is a cash bail bond and is considered to belong to the defendant.

Your second question asks in whose name a receipt should issue if a cash bail bond is deposited by someone other than the defendant. You point out in the memorandum attached to your

letter that article 103.010 of the Code of Criminal Procedure requires a county officer who collects "fines or fees in a criminal case" to issue a receipt showing "the name of the person paying the money," and you suggest that this requirement conflicts with article 17.02. *See* Memoradum from Honorable Michael P. Fleming, Harris County Attorney, to Honorable Dan Morales, Attorney General 3 (Aug. 31, 1998) (on file with Opinion Committee). We doubt that a cash bail bond deposit is a "fine or fee" within the meaning of article 103.010, but we need not decide that question. Even if a cash bail bond deposit is a "fine or fee," for the reasons stated above the "person paying the money" in such a case is the defendant, even if a third party presents the cash to the court officer. Because a cash bail bond is viewed by the court as belonging to the defendant, the receipt for a cash bail bond deposit should issue in the name of the defendant.

Your third question asks to whom a cash bail bond refund should be paid if the cash deposit was presented to the court by a person other than the defendant. Again, because a cash bail bond is considered by the court to have been deposited by the defendant, a cash bail bond refund should be paid to the defendant upon compliance with the terms of the bond and order of the court. In addition, we know of no statutory requirement that the third party be given notice that any refund will be paid to the defendant. We do not consider whether there is a statutory prohibition on notifying the third party who paid the cash bail bond on the defendant's behalf that the cash will be returned to the defendant.

Finally, you ask whether a cash bail bond refund must be withheld until any fines assessed against the defendant are paid. You ask this question in light of sections 154.025 and 154.045 of the Local Government Code, both of which prohibit a county from drawing a warrant "in favor of a person, or an agent or assignee of a person, until the person owing the *debt* [to the state, the county, or a salary fund] is notified that the debt is outstanding and the *debt* is paid." TEX. LOC. GOV'T CODE ANN. § 154.025 (Vernon Supp. 1999) (applying to county with population of 190,000 or less) (emphasis added); *id.* § 154.045 (applying to county with population of more than 190,000).

A fine imposed in a criminal case generally is not considered to be a "debt" because a debt is generally defined as an obligation arising from a contractual agreement. Our courts have held that a criminal fine is not a "debt" for purposes of article I, section 18 of the Texas Constitution, which prohibits imprisonment for debt. *See Thompson v. State,* 557 S.W.2d 521, 525 (Tex. Crim. App. 1977); *see also* TEX. CONST. art I, § 18 interp. commentary (Vernon 1997) ("In general, the liability to pay money growing out of contract constitutes a debt within the meaning of the constitutional guaranty."). Even when a debt exists, a warrant may not be withheld under the authority of a warrant withholding statute if a contrary statute compels issuance of a warrant under the circumstances. *See* Tex. Att'y Gen. Op. Nos. JM-255 (1984) at 4; O-4655 (1942) at 5. Accordingly, even if a criminal fine were a "debt," we conclude that sections 154.025 and 154.045 may not be invoked to withhold a cash bail bond refund ordered pursuant to article 17.02 of the Code of Criminal Procedure.

Article 17.02 prohibits a court from withholding a cash bail bond refund from a defendant who owes fines to the court if the defendant has otherwise complied with the conditions of the bond and is due a refund. By statute a bail bond "shall be valid and binding upon the defendant and his sureties, if any, thereon, for the defendant's personal appearance before the court or magistrate

designated therein, as well as before any other court to which same may be transferred, and for any and all subsequent proceedings had relative to the charge." TEX. CODE CRIM. PROC. ANN. art. 17.09 (Vernon 1977). Our Court of Criminal Appeals has said that under this statute "[t]he prime object or purpose of bail is to secure the presence of an accused upon trial of an accusation against him. It is not a revenue measure intended to be a substitution for a fine, but is intended to secure the trial of the alleged offender rather than turn his securities or those of his bondsman into a penalty." *See McConathy v. State*, 528 S.W.2d 594, 596 (Tex. Crim. App. 1975) (citation omitted); *accord, Trammel v. State*, 529 S.W.2d 528, 529-30 (Tex. Crim. App. 1975); *De Leon v. Pennington*, 759 S.W.2d 201, 202 (Tex. App.— San Antonio 1988, orig. proceeding). Article 17.02 provides that cash bail bond funds *"shall be refunded to the defendant if and when the defendant complies with the conditions of his bond, and upon order of the court."* TEX. CODE CRIM. PROC. ANN. art. 17.02 (Vernon 1977). Accordingly, the court held in *McConathy* that a bond could not be forfeited for violation of a probationary condition to pay a fine when the defendants had appeared in court as required by their bonds and where no "subsequent proceedings had relative to the charge" remained in the case. *McConathy*, 528 S.W.2d at 598. When the defendant has complied with the conditions of his bond and is due a cash refund, a court officer may not withhold the refund until the defendant's fines are paid.

### S U M M A R Y

A person other than the defendant may make a cash bail bond deposit with the court officer to secure the defendant's release from custody pursuant to article 17.02 of the Code of Criminal Procedure. The receipt for a cash deposit should be issued in the name of the defendant. While the court officer is not required to notify the third party depositor that the funds will be returned to the defendant, no statutory prohibition precludes such notification. If the defendant complies with the conditions of the bond, and upon court order, the bond funds must be returned to the defendant. The court officer may not withhold a cash bail bond refund until fines assessed against the defendant are paid.

Very truly yours,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

Prepared by Barbara Griffin
Assistant Attorney General