Joe Valdez GARCIA, Principal, Richard Rodriguez and Bruce E. Embrey, d/b/a A-Action Bail Bonds, Surety, Appellants,

v.

STATE of Texas, Appellee.

No. 04–82–00511–CV.

Court of Appeals of Texas, San Antonio.

Jan. 30, 1985.

Richard Langlois, San Antonio, for appellants.

Barry P. Hitchings, Asst. Crim. Dist. Atty., San Antonio, for appellee.

Before BUTTS, CANTU and DIAL, JJ.

## OPINION

BUTTS, Justice.

This is a bond forfeiture case. The sureties appeal the judgment which remitted to them $4,100 of a $5,000 bond on which they were the sureties and Garcia the principal.

These are the relevant dates:

February 4, 1982: Principal entered plea of guilty. Sentencing deferred for presentence report.

March 11, 1982: Principal failed to appear. Forfeiture declared.

April 27, 1982: Judgment Nisi.

June 8, 1982: Principal reincarcerated as result of sureties' efforts and money expended (this is undisputed).

July 2, 1982: Hearing on cause of failure to appear.

July 13, 1982: Final judgment entered.

From these dates and the record it is apparent that the principal was rearrested *before final judgment* and that the sureties before trial and in court urged entitlement to remittitur, all occurring *before final judgment*. The final judgment itself orders the remittitur.

 The sureties contend in their first ground of error that the trial court should have entered judgment absolving sureties of liability on February 4, 1982, when the trial court found the principal guilty of theft. This is the content of TEX.REV. CIV.STAT.ANN. art. 2372p–3, § 13(c) (Vernon Supp.1984):

The surety on appearance bonds in criminal cases shall be absolved of liability upon disposition of the case, and disposition as used herein shall mean a dismissal, acquittal, or *finding of guilty* on the charges made the basis of the bond. [Emphasis added.]

Article 2372p–3, § 1 *et seq.* pertains to licensing and regulation of bail bondsmen. TEX.CODE CRIM.PROC.ANN. art. 17.01 *et seq.* (Vernon 1977) pertains to bail. Article 17.09 provides:

Sec. 1. Where a defendant, in the course of a criminal action, gives bail before any court or person authorized by law to take same, for his personal appearance before a court or magistrate, to answer a charge against him, the *said bond shall be valid and binding upon the defendant and his sureties, if any, thereon, for the defendant's personal appearance before the court or any other court to which same may be transferred, and for any subsequent proceedings had relative to the charge,* and each such bond shall be so conditioned except as hereinafter provided. [Emphasis added.]

Sec. 2. When a defendant has once given bail for his appearance in answer to a criminal charge, he shall not be required to give another bond in the course of the same criminal action except as herein provided.

Sec. 3. Provided that whenever, during the course of action, the judge or magistrate in whose court such action is pending finds that the bond is defective, excessive or insufficient in amount, or that the sureties, if any, are not acceptable, or for any other good and sufficient cause, such judge or magistrate may, either in term-time or in vacation, order the accused to be rearrested, and require the accused to give another bond in such amount as the judge or magistrate may deem proper. When such bond is so given and approved, the defendant shall be released from custody.

By the terms set out in art. 17.09, § 1, the defendant and his sureties are bound by the contract guaranteeing the defendant's personal appearance before the court *for any subsequent proceedings relative to the charge.* The primary purpose of an appearance bond is to secure the presence of the defendant in court for trial on the offense charged. *Ex parte Rodriguez,* 595 S.W.2d 549, 550 (Tex.Crim.App.1980). It is

accepted in all jurisdictions and in all courts of this nation that sentencing is a crucial part of the criminal process. The facts in *McConathy v. State*, 545 S.W.2d 781 (Tex. Crim.App.1976) parallel those in the present case. There the defendant entered his plea of guilty and the trial court assessed punishment but did not sentence the defendant. The defendant failed to appear for sentencing. Judgment nisi was entered the following day. That defendant argued his liability was discharged on the date the principal was finally convicted (the date of the plea of guilty). Rejecting this argument, the Court of Criminal Appeals wrote that nothing in the record reflected the defendant had been sentenced. It stated that sentencing was a "subsequent proceeding had relative to the charge," citing art. 17.09. *Id.* at 782–83. The principal in the present case failed to appear for sentencing.

When we view the two statutes, art. 17.09, § 1 and 2372p–3, § 13(c), in light of TEX.REV.CIV.STAT.ANN. art. 5429b–2 (Vernon Supp.1984), the Texas Code Construction Act, we find that the specific provisions of art. 17.09, § 1 regarding "subsequent proceedings relative to the charge" must prevail. To hold otherwise would play havoc with the criminal justice process. If that were the law, all defendants committed to bail would, of necessity, be remanded to custody upon a plea of guilty, a verdict of guilty, or a court finding of guilty, because principal and his sureties would be automatically released from liability. The bonds would terminate at that juncture; unless the bonds remain in force until the criminal process is completed, there can be no guaranty of appearance.

The legislature reviewed the bond laws in 1981 and made no changes in art. 17.09, § 1. It is the manifest intention of the legislature to continue to provide for defendants the right to bail until sentence and judgment, unless otherwise ordered by the trial court. However, it is respectfully suggested to the legislature that the words, "after the defendant is sentenced" be substituted for "finding of guilty" in section 13(c). Further, it is recommended that the words, "Prior to the entry of a judgment nisi" be added as a preface to section 13(c). These modifications would harmonize the provisions discussed in the present case.

In this case the bond remained in effect after the principal's plea of guilty to guarantee his appearance at the subsequent proceeding, which was sentencing. At that time, had the principal appeared in this case, the sureties would have been absolved of liability. Since the principal failed to appear, they remained sureties on the bond until the principal was reincarcerated. The bond was valid and binding upon the principal and his sureties for any and all subsequent proceedings had relative to the charge or until the court released them. When the principal was not available for the subsequent proceeding of sentencing, the appellants' liability as sureties had not been discharged. Ground of error one is overruled.

 The sureties contend that the trial court should have remitted at least ninety-five percent (95%) of the amount of the bond. As remarked by this court in *Williams v. State*, 670 S.W.2d 717, 720 (f.n. 1) (Tex.App.1984, pet. granted), TEX.CODE CRIM.PROC.ANN. art. 22.16 states:

> If before final judgment is entered against the bail, the principal appears or is arrested and lodged in jail of the proper county, the court may, at its discretion, remit the whole or part of the sum specified in the bond if the arrest or appearance is a direct result of money spent or information furnished by the surety or is because of the principal's initiative in submitting himself to the authority of the court, sheriff, or other peace officers.

The court further noted this statute was amended at the same time and in the same Senate Bill that enacted TEX.CODE CRIM. PROC.ANN. art. 2372p–3, § 13. In footnote 2 at 721 it was also noted that TEX. CODE CRIM.PROC.ANN. art. 22.12a is a new statute while art. 2372p–3, § 13 is an amendment of a previous version, to-wit:

old article 2372p–3, § 12(a). *See* Acts 1973, 63rd Leg., p. 1520, ch. 550 eff. Aug. 27, 1973, discussed in *Fernandez v. State*, 516 S.W.2d 677 at 679–80 (Tex.Crim.App.1974).

The application of the various bail statutes to determine the surety's liability in a bond forfeiture case was delineated in *Williams v. State, supra.* The record in this case shows that the sureties filed their answer to the State's motion for summary judgment and attached the sheriff's certificate that the principal was incarcerated in the Bexar County Jail on June 8, 1982. In this instrument the sureties specifically pled for remittitur under criminal statute 22.16, *supra,* and civil statute 2372p–3, § 13(a) and (b). *Williams* specifies that a surety's liability during this period (after entry of judgment nisi but before trial under the criminal statute, article 22.14) can be exonerated or remittitur ordered pursuant to two criminal statutes: art. 22.13 and 22.16 and two civil statutes: art. 2372p–3, § 13(a) and art. 2372p–3, § 13(b). The sureties' response invoked three of the possible statutes which apply under the facts of this case, that is, all except art. 22.13. We find nothing in the record, however, which shows that the sureties relied upon only one of these statutes at the trial. We find nothing showing reliance only upon art. 2372p–3, § 13(b). While we do not have a statement of facts before us, there are findings of fact and conclusions of law. There is no fact finding that the sureties requested remittitur only under art. 2372p–3, § 13(b). Conclusion of law one is that the trial court has the power of remittitur under TEX.CODE CRIM.PROC.ANN. art. 2216, and the court was not obligated to remit at least ninety-five percent (95%) in accordance with TEX.REV.CIV.STAT. ANN. art. 2372p–3, § 13(b). We agree under the facts of this case that the trial court could properly utilize the provisions of article 22.16 in its order of remittitur. Ground of error two is overruled.

We do not in this opinion reach the question of the constitutionality of art. 2372p–3, § 13(b). The judgment is affirmed.