**John M. REED, Principal, Reynaldo M. Alfaro, Sr. d/b/a Alfaro Bonding Co., Surety, Appellants,**

**v.**

**The STATE of Texas, Appellee.**

**No. 04–84–00163–CV**

Court of Appeals of Texas, San Antonio.

Dec. 31, 1985.

William M. Porter, San Antonio, for appellants.

Larry Smith, District Attorneys Office, San Antonio, for appellee.

Before CADENA, C.J., and CANTU and TIJERINA, JJ.

## OPINION

CANTU, Justice.

This is an appeal from an action by the State of Texas to recover a bond forfeiture based upon an undertaking by appellant, Reynaldo M. Alfaro, d/b/a Alfaro Bonding Company (hereinafter Alfaro) and John M. Reed. Alfaro signed as surety for John M. Reed, principal, on December 17, 1981, on a bond in the amount of $800.00. Reed was charged with theft over $20.00 and under $200.00. TEX.PENAL CODE § 31.03 (Vernon Supp.1986). Reed appeared before the trial court on this charge on December 29, 1981, at which time he pled guilty and was granted deferred adjudication. *See* TEX. CODE CRIM.PROC.ANN. art. 42.12, § 3d(a) (Vernon Supp.1986). Reed was then placed on probation for nine months, assessed a fine of $100.00, and ordered to pay court costs and a probation supervisory fee.

According to the State's allegations Reed failed to report to the probation department or pay the fine, court costs or supervisory fee. On March 12, 1982, a motion to revoke probation and enter adjudication of guilt was filed, alleging a probation violation by Reed. The trial court ordered the arrest of Reed and set a hearing date for July 29, 1983.[1] Reed failed to appear for this hearing, consequently a judgment nisi ordering forfeiture of the bond was signed against Reed and Alfaro on September 23, 1983. Thereafter, on February 23, 1984, a hearing was held and judgment entered that the State recover the amount of the bond forfeited from Reed and Alfaro.

Alfaro appeals from this judgment ordering forfeiture of the bond. Presumably Reed is still a fugitive and has never been arrested.

Alfaro's sole point of error alleges error by the trial court in ordering the bond forfeiture. Alfaro asserts that, as the surety, he was relieved of all obligations on the bond on December 29, 1981, when the court received a plea from Reed and ordered deferred adjudication plus costs and the fine. The State contends that because deferred adjudication is not equivalent to a final conviction, Alfaro remained liable to insure Reed's appearance at all subsequent proceedings relative to the theft charge.

The question before us is whether a hearing to revoke probation following the granting of deferred adjudication constitutes a subsequent proceeding held relative to the original charge.

TEX.CODE CRIM.PRO.ANN. art. 17.09, § 1 (Vernon 1977) provides:

Where a defendant, in the course of a criminal action, gives bail before any

---

1. The *Motion to Enter Adjudication of Guilt of Deferred Adjudication and Revoke Probation* filed by the State does not purport to give notice to either the principal or surety of a subsequent proceeding. Rather it directs that a warrant issue for the arrest of the principal. The accompanying Order directs the issuance of a capias warrant for instanter arrest of the principal.

TEX.CODE CRIM.PROC.ANN. art. 42.12(8) provides for release on bail following an arrest based upon a motion to revoke probation upon the court's exercise of discretion. *See Ex parte Ainsworth,* 532 S.W.2d 640 (Tex.Crim.App.1976). We believe the statute to contemplate a new undertaking should the trial court conclude that bail is appropriate.

court or person authorized by law to take same, for his personal appearance before a court or magistrate, to answer a charge against him, the said bond shall be valid and binding upon the defendant and his sureties, if any, thereon, for the defendant's personal appearance before the court or magistrate designated therein, as well as before any other courts to which same may be transferred, *and for any and all subsequent proceedings had relative to the charge,* and each such bond shall be so conditioned except as hereinafter provided.

(Emphasis added).

Article 17.09 contemplates retention of liability upon an appearance bond by both the principal and the surety, for all subsequent proceedings relative to the charge. *Garcia v. State,* 686 S.W.2d 281 (Tex.App.—San Antonio 1985, no writ). The purpose of the bond is to insure the presence of the defendant for trial on the offense charged. *Ex parte Rodriguez,* 595 S.W.2d 549 (Tex. Crim.App.1980); TEX.CODE CRIM.PROC. ANN. art. 17.15 (Vernon 1977). Sentencing is an integral stage in the criminal process. Thus, until sentencing, there can be no final conviction. *McConathy v. State,* 545 S.W.2d 781 (Tex.Crim.App.1976).

 Alfaro argues that Reed was sentenced when he was given probation on December 29, 1981. Generally, the grant of probation becomes a final conviction where no notice of appeal is filed and all motions for new trial are overruled. *McConathy v. State,* 544 S.W.2d 666 (Tex. Crim.App.1976). Thus, the surety on an appearance bond is relieved of liability when the probationary period commences, as no subsequent proceedings would be relative to the charge. *Surety Corp. of America v. State,* 550 S.W.2d 689 (Tex. Crim.App.1977).

 However, probation under deferred adjudication is not the equivalent of probation granted after a conviction by suspending the sentence assessed. *McNew v. State,* 608 S.W.2d 166 (Tex.Crim.App.1978). TEX.CODE CRIM.PROC.ANN. art. 42.12,

§ 3d(a) (Vernon Supp.1986) provides in pertinent part:

When in its opinion the best interest of society and the defendant will be served, the court may, after receiving a plea of guilty or plea of nolo contendere, hearing the evidence, and finding that it substantiates the defendant's guilt, defer further proceedings without entering an adjudication of guilt, and place the defendant on probation for a period as the court may prescribe, not to exceed ten years. The court may impose a fine applicable to the offense and require any reasonable terms and condition of probation ...

Deferred adjudication is probation before conviction and operates to suspend the imposition of an adjudication rather than the imposition of a sentence. No determination or adjudication of guilt is made until the probation is completed or revoked. *Triplett v. State,* 686 S.W.2d 342 (Tex.App.—Houston [1st Dist.] 1985, pet. ref'd). Following an order to defer adjudication there has been no final conviction. *Ex parte Shillings,* 641 S.W.2d 538 (Tex.Crim.App. 1982).

Article 42.12, § 3d(b) (Vernon 1979) provides that:

On violation of a condition of probation imposed under Subsection (a) of this section, the defendant may be arrested and detained as provided in Section 8 of this Article. The defendant is entitled to a hearing limited to the determination by the court of whether it proceeds with an adjudication of guilt on the original charge. No appeal may be taken from this determination. After an adjudication of guilt, all proceedings, including assessment of punishment, pronouncement of sentence, granting of probation, and defendant's appeal continue as if the adjudication of guilt had not been deferred.

Thus, if a warrant is issued for a defendant under probation pursuant to deferred adjudication because of probation violations, the court may proceed to adjudicate guilt as though no deferral was ever entered. In *Ex parte Laday,* 594 S.W.2d 102 (Tex.

Crim.App.1980) the court held that a defendant awaiting adjudication after a deferral and subsequent arrest for probation violations was entitled to bail. The court pointed out that the adjudication hearing is not a retrial of the original charge, since there never was a conviction for the original charge.

 Thus, it is clearly established that a deferred adjudication is not a final conviction. However, as noted above, the primary purpose of bail is to insure the defendant's appearance at trial. It is not intended to insure compliance with the conditions of probation. *Trammel v. State,* 529 S.W.2d 528 (Tex.Crim.App.1975).

The bondsman in an ordinary probation situation is relieved of liability on the bond after the probationary period commences, which occurs after the conviction is final. *American Surety Corp., supra.* The conviction is final when no further appeal is available to the defendant. *Id.*

In a deferred adjudication situation, the defendant may not appeal the court's deferral. The defendant may, within thirty days after deferral, file a motion to request final adjudication. *See* Article 42.12, § 3d(a). In the absence of a request, no appeal may be prosecuted until adjudication is entered.

A defendant under a deferred adjudication may receive probation for a term not to exceed 10 years. At the end of the probationary term, if the court has not proceeded to adjudication, the court dismisses the proceedings and discharges the defendant. *See* Article 42.12, § 3d(c). Thus, under the position urged by the State in this case, the surety on an appearance bond could conceivably be liable for up to 10 years while awaiting discharge or adjudication against the principal.

 Although probation pursuant to article 42.12, § 2(b) is not the equivalent of probation under deferred adjudication pursuant to article 42.12, § 3d, we decline to impose different standards on sureties based upon the type of probation the principal receives. *Rodriguez v. State,* 680 S.W.2d 585 (Tex.App.—Corpus Christi 1984, no pet.). Once the defendant has appeared to answer the accusations against him, the surety should be released from liability on the bond. *Id.* at 587. The surety is not liable to insure the defendant's appearance at proceedings subsequent to the grant of deferred adjudication. *Id.*

 In the case before us, Reed appeared and was granted deferred adjudication on December 29, 1981. He did not file a motion to proceed to adjudication, therefore, there was no appeal available to him. Any subsequent proceedings were not subsequent as contemplated by article 17.09. *Rodriguez, supra.*

Alfaro, as the surety, was consequently discharged of all liability on the bond as of December 29, 1981. Therefore, the court erred in ordering a forfeiture of the bond by Alfaro.

The judgment of the trial court is reversed and the cause is hereby remanded to the trial court with instructions to discharge the surety.