**Bruce E. EMBREY d/b/a A–Action Bail Bonds, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 04–96–00532–CV.

Court of Appeals of Texas, San Antonio.

March 26, 1997.

Rehearing Overruled May 15, 1997.

R. Norvell Graham, Jr., San Antonio, for Appellant.

Susan A. Bowen, Assistant Criminal District Attorney, Forfeiture Section, San Antonio, for Appellee.

Before HARDBERGER, C.J., and LOPEZ and ANGELINI, JJ.

## OPINION

LOPEZ, Justice.

Appellant, a bail bond surety, appeals from a bond forfeiture judgment. In two points of error, appellant contends that the trial court erred: (1) in forfeiting the bond after the offense had been reduced to a misdemeanor; and (2) in denying appellant's motion for new trial based on the discovery that the accused, Miguel Angel Torres ("Torres"), used his brother's name when arrested and in applying for the bond. We affirm the trial court's judgment and assess sanctions against appellant.

■ The State initially contends that appellant waived the error asserted in this appeal by not raising the issues before the trial court. Although we agree that appellant failed to raise the asserted error in its original answer, we find that the appellant's motion for new trial did assert the first asserted error, and the second asserted error was presented and argued before the trial court at the hearing on the motion for new trial. Therefore, we address the merits of appellant's contentions.

■ Appellant seeks to rely on this court's opinion in *Arredondo v. State*, No. 04–95–00283–CV, 1996 WL 45454 (Tex.App.—San Antonio Jan.31, 1996, n.w.h.)(not designated for publication), to support his contention that the trial court erred in forfeiting a felony bond after the offense had been reduced to a misdemeanor. That decision is readily distinguishable from the facts presented here, and appellant's reliance on that opinion is misplaced. The reduction in Torres' offense did not occur as a result of a dismissal of the felony charge but as the result of a plea bargain agreement whereunder Torres agreed to plead guilty to a lesser included offense.

This court has previously addressed appellant's argument in an unpublished opinion. *See Embrey v. State*, No. 04–96–00030–CV, 1996 WL 591918 (Tex.App.—San Antonio Oct.9, 1996, n.w.h.)(not designated for publication.) In that case, we asserted:

A bond is a valid and binding undertaking upon the surety for the defendant's per-

sonal appearance to answer the charge against him and "for any and all subsequent proceedings had relative to the charge." TEX.CODE CRIM. PROC. ANN. art. 17.09, § 1 (Vernon Supp.1996). In the instant case, the accused failed to appear before the trial court for an adjudication of guilt and sentencing, or for the granting of his requested deferred adjudication. Either of those events is obviously a proceeding "relative to the charge." *See Garcia v. State*, 686 S.W.2d 281, 282–83 (Tex. App.—San Antonio 1985, no writ)(sureties not absolved until defendant appears for sentencing). Thus, appellant's obligation on the bond did not end when Solis appeared in court on March 28, 1994. *Id.*, slip op. at 4. Similarly, appellant's obligation on the bond in this case did not end when Torres appeared and entered a plea of guilty to a lesser included offense. Appellant's first point of error is overruled.

■ In appellant's second point of error, appellant contends that the trial court erred in denying his motion for new trial based on the evidence that Torres used his brother's name when he was arrested and applied for the bond. Although appellant recognizes that the use of an alias by a defendant does not invalidate a bond, *see Lyles v. State*, 587 S.W.2d 717, 717–18 (Tex.Crim.App.1979), *cert. denied*, 445 U.S. 951, 100 S.Ct. 1600, 63 L.Ed.2d 786 (1980), appellant contends that since Torres used his brother's name, who was a real person, the name does not meet the definition of alias in Black's Law Dictionary.

Black's Law Dictionary defines alias as a "[t]erm used to indicate another name by which a person is known." BLACK'S LAW DICTIONARY 66 (5th ed. 1979). When Torres

gave his brother's name as his own, his brother's name became another name by which Torres was known. Therefore, the name was an alias. Appellant's second point of error is overruled, and the judgment of the trial court is affirmed.

■ This court may assess sanctions if it determines that an appellant has taken an appeal for delay and without sufficient cause. TEX.R.APP. P. 84. A lawyer shall not bring a proceeding unless the lawyer reasonably believes that there is a basis for doing so that is not frivolous. TEX. DISCIPLINARY R. PROF. CONDUCT 3.01 (1989), *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G app. (Vernon Supp.1997) (STATE BAR RULES art. X, § 9). The appellant must not have had a reasonable expectation of reversal and not have pursued the appeal in good faith for sanctions to be assessed. TEX.R.APP. P. 84; *see Campos v. Investment Mgt. Prop., Inc.*, 917 S.W.2d 351, 356 (Tex.App.—San Antonio 1996, writ denied) (sanctioning appellant for arguing points of error not supported by case law and misstating law). This court must review the record from appellant's point of view at the time the appeal was taken and decide whether appellant had any reasonable grounds to believe the case would be reversed. *Campos*, 917 S.W.2d at 356.

■ Appellant's first point of error was rejected by this court in a previous appeal brought by appellant. Appellant's second point of error was resolved by logically applying a legal definition located in Black's Law Dictionary. Accordingly, we find that appellant could have had no reasonable expectation that this case would have been reversed on appeal.[1] There thus appears to

---

1. In 1995, appellant Embrey filed nine appeals from bond forfeitures. None of the resulting opinions merited publication, and only two of these appeals resulted in a reversal of the trial court's order. Those reversals were based on settlement agreements. *See Arredondo v. State*, No. 04–95–00283–CV, 1996 WL 45454 (Tex. App.—San Antonio Jan.31, 1996) (affirming trial court decision); *Martinez v. State*, No. 04–95–00050–CV, 1996 WL 93783 (Tex.App.—San Antonio Mar.6, 1996) (affirming trial court decision); *Embrey v. State*, No. 04–95–00823–CV, 1996 WL 71437 (Tex.App.—San Antonio Feb.21, 1996) (dismissing appeal upon appellant's motion);

*Embrey v. State*, No. 04–95–00431–CV, 1995 WL 540247 (Tex.App.—San Antonio Sept.13, 1995) (dismissing appeal for want of jurisdiction); *Embrey v. State*, No. 04–95–00429–CV, 1995 WL 540252 (Tex.App.—San Antonio Sept.13, 1995) (dismissing appeal for want of jurisdiction); *Embrey v. State*, No. 04–95–00461–CV (Tex.App.—San Antonio Aug. 16, 1995) (dismissing appeal upon appellant's motion); *Embrey v. State*, No. 04–95–00181–CV (Tex.App.—San Antonio June 21, 1995) (dismissing appeal upon appellant's motion); *Lozano v. State*, No. 04–95–00091–CV (Tex.App.—San Antonio Aug. 9, 1995) (reversing and remanding to trial court upon settlement

be no reason for this appeal other than delay. Consequently, we assess the maximum sanctions authorized, ten percent of the damages assessed against appellant or $600.00.[2]

agreement); *Embrey v. State*, No. 04-95-00090-CV (Tex.App.—San Antonio Aug. 9, 1995) (reversing and remanding to trial court upon settlement agreement).

In 1996, Embrey filed eight appeals from bond forfeitures. None of the four that have been decided have reversed the trial court's ruling. *See Gutierrez v. State*, No. 04-96-00658-CV, 1997 WL 120185 (Tex.App.—San Antonio March 19, 1997) (affirming trial court's decision); *Embrey v. State*, No. 04-96-00400-CV, 1996 WL 591923 (Tex.App.—San Antonio Oct.9, 1996) (affirming

trial court decision); *Embrey v. State*, No. 04-96-00030-CV, 1996 WL 591918 (Tex.App.—San Antonio Oct.9, 1996) (affirming trial court decision); *Villalobos v. State*, No. 04-96-00537-CV, 1996 WL 471291 (Tex.App.—San Antonio Aug.21, 1996) (dismissing appeal for want of jurisdiction). Sanctions were assessed in the *Gutierrez* case.

2. Appellee's damages amount to $6,000.00; the amount of the bond that Embrey forfeited.