COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NOS. 2-05-070-CR
2-05-071-CR
 
 
  
EX 
PARTE
 
 
MONTGOMERY 
MERRELL
 
 
------------
 
FROM 
THE 297TH DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Appellant 
Montgomery Merrell appeals from the trial court’s denial of his pretrial 
application for writ of habeas corpus, which complains of an excessive bail 
amount.[2]  Because appellant pled guilty and 
received deferred adjudication while this appeal was pending, we dismiss the 
appeal as moot.[3]  See Ex parte Laday, 
594 S.W.2d 102, 104 (Tex. Crim. App. 1980) (holding that defendant on deferred 
adjudication is entitled to bail pending an adjudication hearing); Trammell 
v. State, 529 S.W.2d 528, 529-30 (Tex. Crim. App. 1975) (holding that 
pretrial bond obtained before defendant placed on misdemeanor probation[4] did not secure appearance at proceedings to revoke 
probation and therefore surety could not be liable on it); Reed v. State, 
702 S.W.2d 738, 741 (Tex. App.—San Antonio 1985, no pet.) (holding that surety 
is not liable on pretrial bond after defendant placed on deferred adjudication).
 
  
PER 
CURIAM
  
  
PANEL 
F: LIVINGSTON, HOLMAN, and GARDNER, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
May 5, 2005


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
Appellant complained that he was not able to make bail in the amount set by the 
trial court.
3.  
Appellant’s counsel filed a motion to withdraw the appeal, but it was not 
signed by appellant because, according to appellant’s counsel, appellant is 
somewhere in Mexico. Thus, we deny the motion to withdraw the notice of appeal 
because it has not been signed by appellant and because we are dismissing the 
appeal as moot. See Tex. R. App. 
P. 42.2(a).
4.  
Under prior law, misdemeanor probation was not a final conviction until revoked. 
See Act of May 28, 1979, 66th Leg., R.S., ch. 654, § 1, 1979 Tex. Gen. 
Laws 1514, 1518-19, repealed by Act of May 21, 1985, 69th Leg., R.S., ch. 
427, § 3, 1985 Tex. Gen. Laws 1531, 1555.