MERRELL V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NOS. 2-05-070-CR

         2-05-071-CR

EX PARTE

MONTGOMERY MERRELL 

------------

FROM THE 297TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Montgomery Merrell appeals from the trial court’s denial of his pretrial application for writ of habeas corpus, which complains of an excessive bail amount.
(footnote: 2)  Because appellant pled guilty and received deferred adjudication while this appeal was pending, we dismiss the appeal as moot.
(footnote: 3)  
See
 
Ex parte Laday
, 594 S.W.2d 102, 104 (Tex. Crim. App. 1980) (holding that defendant on deferred adjudication is entitled to bail pending an adjudication hearing); 
Trammell v. State
, 529 S.W.2d 528, 529-30 (Tex. Crim. App. 1975) (holding that pretrial bond obtained before defendant placed on misdemeanor probation
(footnote: 4) did not secure appearance at proceedings to revoke probation and therefore surety could not be liable on it); 
Reed v. State
, 702 S.W.2d 738, 741 (Tex. App.—San Antonio 1985, no pet.) (holding that surety is not liable on pretrial bond after defendant placed on deferred adjudication). 

                                          PER CURIAM 

PANEL F:   LIVINGSTON, HOLMAN, and GARDNER, JJ. 

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  May 5, 2005 

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Appellant complained that he was not able to make bail in the amount set by the trial court.

3:
Appellant’s counsel filed a motion to withdraw the appeal, but it was not signed by appellant because, according to appellant’s counsel, appellant  is somewhere in Mexico.  Thus, we deny the motion to withdraw the notice of appeal because it has not been signed by appellant and because we are dismissing the appeal as moot.  
See
 
Tex. R. App. P.
 42.2(a).

4:
Under prior law, misdemeanor probation was not a final conviction until revoked.  
See
 Act of May 28, 1979, 66th Leg., R.S., ch. 654, § 1, 1979 Tex. Gen. Laws 1514, 1518-19, 
repealed by
 Act of May 21, 1985, 69th Leg., R.S., ch. 427, § 3, 1985 Tex. Gen. Laws 1531, 1555.