**James Anthony CHAMBERS, Appellant,**

v.

**The STATE of Texas, State.**

**Nos. 2–04–219–CR, 2–04–220–CR.**

Court of Appeals of Texas, Fort Worth.

June 9, 2005.

Discretionary Review Refused Oct. 5, 2005.

Pete Gilfeather, Forth Worth, for Appellant.

Tim Curry, Crim. Dist. Atty., Charles M. Mallin and Danielle A. LeGault, Asst. Crim. Dist. Attys., Fort Worth, for State.

Panel B: LIVINGSTON, GARDNER, and WALKER, JJ.

## OPINION

TERRIE LIVINGSTON, Justice.

In two cases, the trial court revoked appellant's deferred adjudication and adjudicated him guilty of attempting to possess diazepam by fraud and aggravated robbery with a deadly weapon. The trial court sentenced appellant to ten years' confinement for the drug offense and twenty years' confinement for the aggravated robbery.

In one point on appeal, appellant contends that the sentences imposed by the trial court are void because Judge Mike Thomas, the sitting judge of criminal district court number four who transferred the cases to the 396th district court (referred to in this opinion as the trial court), was disqualified because he formerly represented appellant on the drug offense and thus could not properly transfer the cases to the 396th district court.

The record shows that appellant was originally charged with the drug offense on March 10, 2000 in criminal district court number two. That court placed appellant on deferred adjudication. On May 22, 2001, appellant was charged in the trial court with aggravated robbery with a deadly weapon. In June 2001, both cases were transferred to criminal district court number four.[1] Appellant pled guilty and received deferred adjudication on the aggravated robbery charge as well.

In October 2003, the State filed a motion to proceed to adjudication in both cases in criminal district court number four, which was the court overseeing appellant's community supervision in both cases. Michelle Audet was appointed to represent appellant in both cases. In February 2004, the district attorney filed a motion requesting that the judge of criminal district court number four transfer appellant's cases to the trial court because of "judicial conflict." Judge Thomas granted the motion and transferred the case.

The constitutional and statutory grounds for judicial disqualification are mandatory and exclusive. TEX. CONST. art. V, § 11; TEX.CODE CRIM. PROC. ANN. art. 30.01 (Vernon Supp.2004–05); *Gamez v. State*, 737 S.W.2d 315, 318 (Tex.Crim.App. 1987); *Ex parte Largent*, 144 Tex.Crim. 592, 162 S.W.2d 419, 426 (op. on reh'g), *cert. denied*, 317 U.S. 668, 63 S.Ct. 72, 87 L.Ed. 536 (1942). Disqualification of a judge may be raised at any time. *Gamez*, 737 S.W.2d at 318. A judge is disqualified from sitting in any case in which he or she has represented the State or the defendant, in which he or she is a party, or in which he or she is related to the defendant

1. Judge Thomas was not the sitting judge of that court at the time.

or the injured party within the third degree. Tex.Code Crim. Proc. Ann. art. 30.01. Code of criminal procedure section 30.02 provides that if a judge is disqualified in a case, he or she should "certify that fact to the presiding judge of the administrative judicial district in which the case is pending and the presiding judge ... shall assign a judge to try such case." *Id.* § 30.02 (Vernon 1989). A judge's attempt to transfer a case in which he or she is disqualified is void and does not vest jurisdiction in the transferee court. *Koll v. State,* 143 Tex.Crim. 104, 157 S.W.2d 377, 381 (1941) (holding that disqualified judge may only perform ministerial acts in a pending case and transfer of case to another court was, at that time, discretionary). *But see* Tex. Gov't Code Ann. § 24.303(b) (Vernon 2004)[2] (providing that disqualified district judge "*shall* transfer the case or proceeding from his court to one of the other courts" (emphasis added)).

The only reference to Judge Thomas in the record of either case is on the docket sheet for the drug offense. The docket sheet lists "Michael Thomas" as appellant's surety; it also shows Stuart Oliphant as appellant's counsel.[3] Appellant contends that Judge Thomas was one of his attorneys on the drug offense (pre-revocation). But there is no evidence in the record that Judge Thomas acted as appellant's counsel, only as surety.

■ A surety has no further liability on a bond after the defendant has received deferred adjudication. *Reed v. State,* 702 S.W.2d 738, 741 (Tex.App.-San Antonio 1985, no pet.). Thus, once appellant received deferred adjudication on the drug offense, Judge Thomas no longer had any financial interest in the case, and there is no evidence in the record to show that Judge Thomas had any other interest in the case. We hold, based on the record before us, that Judge Thomas was not disqualified when he transferred appellant's cases to the trial court. Accordingly, he was within his discretion to transfer the case, and jurisdiction vested in the trial court in accordance with the transfer order. *See* Tex. Gov't Code Ann. § 24.303(a).

We overrule appellant's sole point and affirm the trial court's judgments.

---

**2.** This statute was first enacted in 1969. *See* Act of Sept. 8, 1969, 61st Leg., 2d C.S., ch. 23, § 2.002(b), 1969 Tex. Gen. Laws 150, 151.

**3.** The docket sheet for the aggravated robbery case states that Deborah Kernan was appointed as appellant's counsel on the original charge (pre-revocation).