Opinion filed March 15, 2007
















 
 
  
 
 







 
 
  
 
 




Opinion filed March 15, 2007

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                                          No. 11-05-00240-CR 

                                                    __________

 

                                         CHARLES DAVID WHITEHEAD, Appellant

 

V.

 

STATE OF TEXAS,
Appellee

 



 

On Appeal from the 91st District Court

 

 Eastland County, Texas

 

Trial Court Cause No. CR-04-20,231

 



 

                                                                   O
P I N I O N

The jury convicted Charles David Whitehead of
retaliation and assessed his punishment at fifteen years confinement and a fine
of $10,000.   We affirm.

On April 24, 2000, appellant pleaded guilty to the
offense of indecency with a child.  The
trial court sentenced him to four years confinement but suspended the
imposition of that sentence and placed appellant on community supervision for
four years.  The trial court later found
that appellant violated the terms of his community supervision and, on August
14, 2003, revoked that community supervision and sentenced appellant to four
years confinement.








On August 15, 2003, while in the Eastland County
Jail, appellant wrote a letter to his girlfriend.  The letter was discovered by a jailer as she
scanned outgoing mail at the jail.  In
the letter, appellant wrote, among other things: AI
live to get out and kill that Judge, Mrs. Keith, Tucker, and their families and
pets! [A]nd rape their woman! [And] children[,] in front of them. [T]hat will
teach them!@  The State indicted appellant for retaliation
against Joe Tucker.  AThat judge@
refers to Judge Herod, Judge of the 91st District Court.  Judge Herod was the judge who revoked appellant=s community supervision.  ATucker@ was Joe Tucker, a probation officer
who testified for the State at the revocation hearing.  

In his first issue on appeal, appellant claims
that the trial court did not have jurisdiction over the case because the trial
judge was disqualified.  Although this
complaint was not made in the trial court, the matter of disqualification of a
judge cannot be waived even by consent of the parties, and the issue may be
raised at any time.  Gamez v. State,
737 S.W.2d 315, 318 (Tex. Crim. App. 1987). 
Appellant does not complain that the trial judge should have recused
himself, only that Judge Herod was disqualified by statute.  See In re Chavez, 130 S.W.3d 107,
112-13 (Tex.
App.CEl Paso
2003, no pet.).

The constitutional and statutory grounds for
judicial disqualification are mandatory and exclusive.  See Tex.
Const. art. V, '
11; Tex. Code Crim. Proc. Ann. art.
30.01 (Vernon 2006); Gamez v. State, 737 S.W.2d at 318; Ex parte
Largent, 162 S.W.2d 419, 426 (Tex. Crim. App. 1942); Chambers v. State,
167 S.W.3d 534, 535 (Tex. App.CFort
Worth 2005, pet. ref=d).  Appellant raises only statutory grounds.

Article 30.01 contains the following provision:

No judge or justice of the peace shall sit in any
case where he may be the party injured, or where he has been of counsel for the
State or the accused, or where the accused or the party injured may be
connected with him by consanguinity or affinity within the third degree, as
determined under [Tex. Gov=t Code Ann. ch. 573 (Vernon 2004)].

 








Appellant contends that Judge Herod was Athe party injured@ and is therefore disqualified from
sitting as a judge in this case.  The
State contends that Judge Herod was not the party injured in this case because
appellant was charged with retaliation against Joe Tucker, not Judge
Herod.  We agree with the State and hold
that Judge Herod was not the party injured in this case and was not
disqualified.  We do not know whether
Judge Herod would have recused himself or whether an assigned judge would have
recused him after a hearing on a recusal motion, but appellant never sought
recusal.

We have found no case directly on point.  However, holdings regarding similar language
in other statutes are instructive.  It is
necessary for us to determine the meanings of Aparty
injured@  and Ain
this case.@  In Velasquez, the Court of Criminal
Appeals was dealing with one of the statutory exceptions to spousal
disqualification contained in former Tex.
Code Crim. Proc. art. 38.11 (1973). 
See now Tex. R. Evid. 504.  There, the State called the defendant=s wife, Diamatina, as a witness.  The evidence showed that Diamatina was
permitted to testify that appellant came up to her and a person named Frometa
while they were sitting in Frometa=s
car.  She further testified that
appellant shot Frometa in the head Aaround
six times.@  He also shot Diamatina in the hip.  Former Article 38.11 contained an exception
to the husband/wife privilege that permitted a spouse to voluntarily testify
against the other spouse Ain
any case for an offense involving any grade of assault or violence committed by
one against the other.@  Young v. State, 603 S.W.2d 851 (Tex. Crim. App.  1980). 
The court held that, because the defendant=s
wife was not the injured party in the case being tried, even though she had
been shot by the defendant in the same episode, the exemption did not apply and
that she could not testify over objection.  Velasquez v. State, 727 S.W.2d 580, 581
(Tex. Crim. App. 1987).     

In Young, the same problem arose.  The witness was the defendant=s wife. 
The defendant drove his vehicle into another vehicle occupied by his
wife, her brother Tommy Gould, and another man. 
It was the State=s
position that, since the defendant=s
wife had been injured when the defendant drove his vehicle into the other
vehicle, she could testify in his trial. 
In its original opinion, the Court of Criminal Appeals held that, even
though the defendant=s
wife was injured and was taken to the hospital, the indictment did not allege
that appellant=s wife
was injured but, rather, alleged that her brother was injured.  The exception to the spousal privilege did
not apply because the wife Awas
not the injured party in the case being tried.@  Young v. State, 603 S.W.2d 851, 852
(Tex. Crim. App. 1980).  On rehearing,
Judge Clinton wrote for the court:  A[I]t is a case for an offense allegedly
committed by [the defendant] against Gould. . . . >[T]he
wife was not the injured party in the case being tried.=@ Young, 603 S.W.2d at 853.








Although they involve a different statute, these decisions
inform our decision in the case under consideration.  They both involve a determination of when a
person is an injured party in the case then being tried.  Judge Herod was not disqualified because he
was not an injured party in this case. 
The injured party in this case was Joe Tucker.

Appellant cites Ex parte Vivier, 699 S.W.2d
862 (Tex. Crim. App. 1985), for the proposition that there is a statutory
concern that a judge in Judge Herod=s
position would be perceived by the public as a Abiased
arbiter of a case arising out of the writing of this letter.@ 
Vivier is distinguishable. 
The court in Vivier dealt with a situation in which the trial
judge was related to the defendant within the third degree of
consanguinity.  However, the trial judge
did not know of the relationship and was not made aware of it until the trial
was over.  The court held that that did
not matter.  The Vivier court
acknowledged that the argument could be made that, if the trial court did not
have knowledge of the relationship, there would be no cause for concern
regarding bias.  However, the court
enforced the statute as plainly written and held that the judgment was
void.  A claim of judicial bias is not a
ground for legal disqualification unless the bias is shown to be such that
there is a denial of due process.  In
re Chavez, 130 S.W.3d at 112.  No
such claim is made in this case.

The trial court was not disqualified from hearing
this case.  Appellant=s first issue on appeal is overruled.

In his second issue, appellant complains of the
admission of testimony regarding a prior conviction.  At trial, appellant called his sister, Geneva
McAfee, to testify.  Appellant=s attorney asked McAfee whether she
believed appellant was Aserious@ when he made the threat against
Tucker.  McAfee responded, ANo.@  McAfee was asked whether appellant was
capable of carrying out such a threat, and she again responded, ANo.@  McAfee further stated that appellant was Anot that kind of person.@ 
McAfee testified that appellant Ahas
a good heart and he would do anything for anybody. . . . [H]e gets in trouble
sometimes for being too nice to people.@  The trial court allowed the State to question
McAfee about appellant=s
previous conviction for indecency with a child. 









We review decisions to admit or exclude evidence
under an abuse‑of‑discretion standard.   Torres v. State, 71 S.W.3d 758, 760 (Tex. Crim. App. 2002).  We will not reverse a ruling that lies within
Athe zone of reasonable disagreement.@ 
Id.  A witness who testifies to another=s good character may be cross‑examined
to test the witness=s
awareness of relevant specific instances of conduct.  Tex.
R. Evid. 405(a); Wilson v.
State, 71 S.W.3d 346, 350 (Tex.
Crim. App. 2002). When a witness presents a picture that the defendant is not
the type of person to commit the charged offense, the prosecution may impeach
that witness=s
testimony by cross‑examining the witness concerning similar extraneous
offenses.  Wheeler v. State, 67
S.W.3d 879, 885 (Tex.
Crim. App. 2002).  McAfee=s testimony that appellant was not
capable of committing the offense because he was Anot
that kind of a person@
opened the door for the State to question her about appellant=s previous conduct.  The trial court did not abuse its discretion
in allowing the testimony of appellant=s
previous conviction.  Appellant=s second issue on appeal is overruled.

In his third issue, appellant complains that the
evidence is legally and factually insufficient to support his conviction.  In order to determine if the evidence is
legally sufficient, we must review all of the evidence in the light most
favorable to the verdict and determine whether any rational trier of fact could
have found the essential elements of the crime beyond a reasonable doubt.  Jackson v. Virginia,
443 U.S. 307 (1979); Jackson v. State, 17 S.W.3d 664 (Tex. Crim. App. 2000).
To determine if the evidence is factually sufficient, the appellate court
reviews all of the evidence in a neutral light. 
Watson v. State, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006)
(overruling in part Zuniga v. State, 144 S.W.3d 477 (Tex. Crim. App.
2004)); Johnson v. State, 23 S.W.3d 1, 10-11 (Tex. Crim. App. 2000);
Cain v. State, 958 S.W.2d 404, 407-08 (Tex. Crim. App. 1997); Clewis v.
State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996).  Then, the reviewing court determines whether
the evidence supporting the verdict is so weak that the verdict is clearly
wrong and manifestly unjust or whether the verdict is against the great weight
and preponderance of the conflicting evidence. 
Watson, 204 S.W.3d at 414-15; Johnson, 23 S.W.3d at 10-11.

A person commits the offense of retaliation if he Aintentionally or knowingly harms or
threatens to harm another by an unlawful act in retaliation for or on account
of the service or status of another as a public servant, witness, prospective
witness, or informant.@  Tex.
Pen. Code Ann. '
36.06(a)(1)(A) (Vernon
Supp. 2006).   The indictment alleged
appellant threatened to Akill
Joe Tucker in retaliation for and on account of the status of Joe Tucker as a
witness.@  Joe Tucker=s
testimony at appellant=s
revocation hearing was Adamaging@ to appellant.  After the hearing, appellant wrote a letter
expressing his desire to kill Joe Tucker. 
We find the evidence legally and factually sufficient to support
appellant=s
conviction for retaliation.  Appellant=s third issue on appeal is overruled.








In his fourth issue on appeal, appellant argues
that he received ineffective assistance of counsel.  In order to determine whether appellant=s trial counsel rendered ineffective
assistance at trial, we must first determine whether appellant has shown that
counsel=s
representation fell below an objective standard of reasonableness and, if so,
then determine whether there is a reasonable probability that the result would
have been different but for counsel=s
errors. Strickland v. Washington, 466 U.S. 668
(1984); Hernandez v. State, 988 S.W.2d 770 (Tex. Crim. App. 1999).    Appellant argues that his trial counsel was
ineffective in failing to object during the State=s
closing argument at punishment.  The
State asked the jury to assess the maximum sentence for appellant and stated
that appellant was Adangerous@ and that he Apreys
on kids.@  During closing argument at punishment,
appellant=s trial
counsel argued that the State was seeking to punish appellant again for the
indecency-with-a-child conviction.  Trial
counsel urged the jurors to punish appellant only for the retaliation
conviction.  

The analysis for ineffective assistance of counsel
is undertaken in light of the Atotality
of the representation@
rather than by examining isolated acts or omissions of trial counsel.  Scheanette v. State, 144 S.W.3d 503,
509 (Tex.
Crim. App. 2004); Wilkerson v. State, 726 S.W.2d 542, 548 (Tex. Crim.
App. 1986).  The fact that another
attorney may have pursued a different tactic at trial is insufficient to prove
a claim of ineffective assistance.  Scheanette,
144 S.W.3d at 509.  Under most
circumstances, the record on direct appeal will not be sufficient to show that
counsel=s
representation was so deficient and so lacking in tactical or strategic
decision‑making as to overcome the strong presumption that counsel=s conduct was reasonable and
professional.   Scheanette, 144
S.W.3d at 510.  From the information
available to us, we can only speculate as to why counsel acted or failed to act
as he did.   Id. 
Without more, we must presume that counsel acted pursuant to a
reasonable trial strategy.  Id.  Appellant=s fourth issue on appeal is overruled.

The judgment of the trial court is affirmed.

 

 

JIM R. WRIGHT

CHIEF JUSTICE         

March 15, 2007

Publish.  See Tex. R. App. P. 47.2(b).

Panel
consists of:  Wright, C.J., 

McCall,
J., and Strange, J.