COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
 2-06-197-CR

 

 

DESSIE ANN GOODSON                                                       APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

            FROM
THE 211TH DISTRICT COURT OF DENTON COUNTY

 

                                              ------------

 

                                             OPINION

 

                                              ------------

The question presented by
this appeal is whether the trial court must notify an appellant when the court
of appeals issues its mandate.  We answer
Ano@ and affirm
the trial court=s judgment.

                                            Background








On February 12, 2004, a jury
convicted Appellant of the felony offense of terroristic threat.  The trial court placed Appellant on community
supervision for six years.  Appellant
reported to the community supervision intake office that same day.  Her appointed attorney later filed a notice
of appeal.  On March 24, 2005, this court
issued its judgment and opinion affirming Appellant=s conviction.[1]  We issued our mandate on August 2, 2005.  Our own records indicate that the mandate was
mailed to the trial court clerk and the attorneys of record, including
Appellant=s counsel of
record for that appeal.[2]


On November 23, 2005, the
State filed a motion to revoke Appellant=s community supervision because, among other things, she failed to
report to her community supervision officer after this court issued its
mandate.  At the revocation hearing,
Appellant argued that she did not report to the community supervision officer
because she did not know that our mandate had issued. 








Peggy Carr, the assistant
director of the Denton County Probation Department, testified that she
telephoned Appellant on September 2, 2005, at the number listed in the
Department=s database,
asked to speak to Appellant, and told her that the mandate had issued and she
needed to report to the Department=s intake office.  During the
phone call, the person who identified herself as Appellant said she would not
comply with the terms of community supervision and contested the validity of
the trial court=s judgment
because it supposedly recited the wrong trial court numberCan argument that Appellant herself made when she testified at the
revocation hearing, suggesting that the person to whom Carr spoke was indeed
Appellant.  Chris Herod, a Department intake
officer, testified that he attempted to telephone Appellant on four occasions
in September 2005, but no one answered the phone.  He then mailed a letter to Appellant on
September 21, but Appellant never replied. 
Appellant denied having received Carr=s phone call or Herod=s letter.  She said that by
September 2005, she had moved away from the address she had given to the
Probation Department at the time of her conviction. 

The trial court found that
Appellant had violated the terms of her community supervision and sentenced her
to six years=
imprisonment. 

                                             Discussion

In one point, Appellant
argues that the trial court erred by finding that she violated the terms of her
community supervision without first serving her with a copy of our
mandate.  Appellant contends that unless
and until the trial court notified her of the mandate, she did not have to abide
by the conditions of her community supervision. 
We disagree.








When a defendant is placed on
community supervision and appeals the conviction, the terms of community
supervision do not commence until the trial court clerk receives the appellate
mandate.  Surety Corp. of Am. v. State,  550 S.W.2d 689, 690 (Tex. Crim. App. 1977)
(citing Delorme v. State, 488 S.W.2d 808, 809 (Tex. Crim. App.
1973)).  Rule 18.1 provides that the
clerk of the court of appeals must send the mandate to the trial court clerk
and to all parties to the proceeding.  Tex. R. App. P. 18.1.  Rule 51.2(a) imposes two duties on the trial
court clerk upon receipt of the mandate: 
The clerk must (1) send an acknowledgment to the appellate clerk and (2)
immediately file the mandate.  Tex. R. App. P. 51.2(a).  Rule 51.2 also imposes a duty on the trial
court when its judgment is affirmed, but only when the judgment contains a
sentence of confinement that has not been suspended and the defendant is not in
custody; in that event, the trial court must promptly issue a capias for the
defendant=s
arrest.  Tex. R. App. P. 51.2(b). 
Nothing in the rules requires the trial court or the trial court clerk
to notify a defendant of an appellate mandate. 
See also Brantley v. State, No. 07-98-0388-CR, 1999 WL
250745, at *1 (Tex. App.CAmarillo
Apr. 28, 1999, no pet.) (not designated for publication) (reaching same
conclusion when analyzing an argument almost identical to Appellant=s).













Appellant relies on Hamilton
v. State for the proposition that community supervision does not
necessarily begin when the trial court clerk receives the mandate.  See Hamilton v. State, No. 14‑96‑00852‑CR,
1998 WL 148321, at *2-3 (Tex. App.CHouston [14th Dist.] Apr. 2, 1998, pet. ref=d) (not designated for publication). 
The unusual facts of Hamilton are distinguishable from Appellant=s case.  In Hamilton, the
defendant refused to sign the conditions of his five-year community supervision
sentence at the time of sentencing because he was appealing his
conviction.  Id. at *1.  When the trial court received the appellate
mandate, the defendant returned to court to sign the conditions, but for
reasons not explained in the opinion, was allowed to leave the courtroom
without having signed them.  Id.  Five years later, the defendant was
apprehended, returned to court, and signed the conditions.  Id. 
When the State moved to revoke his community supervision sometime later,
the defendant argued that his community supervision commenced when the trial
court received the mandate and that he had served his entire five-year sentence
before the State filed its motion to revoke. 
Id.  The court of appeals
held that the defendant=s term of
community supervision began when he actually signed the contractual conditions
five years after the mandate issued.  Id.
at *3.  In our case, Appellant signed the
conditions of community supervision on the date of sentencing, February 12,
2004.  Thus, the unusual factors
presented by Hamilton are not present here, and Appellant=s term of community supervision began when the trial court clerk
received our mandate.

Finally, Appellant argues
that by revoking her community supervision without first notifying her of our
mandate, the trial court deprived her of the fundamental fairness necessary to
the due administration of justice guaranteed by the federal and Texas
constitutions.  See U.S. Const. Amend IV; Tex. Const. Art. I, ' 3.  The record reflects that
the trial court clerk discharged the duties imposed by the rules of appellate
procedure.  Moreover, our own records
show that a copy of the mandate was sent to Appellant=s attorney as required by rule 18. 
Finally, Carr=s and
Appellant=s testimony
at the revocation hearing support the conclusion that Carr actually spoke to
Appellant and told her that the mandate had issued.  Under these circumstances, we decline to hold
that the revocation process fell short of fundamental fairness.

We overrule Appellant=s sole point, and we affirm the trial court=s judgment.

 

 

ANNE GARDNER

JUSTICE

 

PANEL A:   LIVINGSTON, HOLMAN, and GARDNER, JJ.

 

PUBLISH

 








DELIVERED:  March 29, 2007











[1]Goodson
v. State, No. 02‑04‑00210‑CR, 2005 WL
675518 (Tex. App.CFort
Worth March 24, 2005, no pet.) (not designated for publication).





[2]An
appellate court may judicially notice its own records in the same or related
proceeding involving the same or nearly the same parties.  Turner v. State, 733 S.W.2d 218,
221-22 (Tex. Crim. App. 1987).