Pat **HARRIS** & Robert **Williams,**
D/B/A **A–Amigo Bail Bonds,**
**Surety, Appellants,**

v.

The **STATE** of Texas, **Appellee.**

**Nos. 04–94–00069–CV & 04–94–00070–CV.**

Court of Appeals of Texas,
San Antonio.

Dec. 21, 1994.

David W. Hutton, Jr., San Antonio, for appellant.

Steven C. Hilbig, Criminal Dist. Atty., Clay N. Martin, Asst. Criminal Dist. Atty., San Antonio, for appellee.

Before CHAPA, C.J., and PEEPLES and HARDBERGER, JJ.

## OPINION

CHAPA, Chief Justice.

Appellants, Juan Manuel Guzman (Principal), and Pat Harris and Robert Williams, DBA A-Amigo Bail Bonds (Sureties), appeal two final judgments based on bond forfeitures in the amounts of $10,000.00 and $5,000.00 respectively.

The dispositive issue is whether a District Clerk's computer printout showing the principal had received deferred adjudication relieves the appellants of any liability on the appearance bonds. We hold that it does not and affirm the judgments. TEX.R.APP.P. 90.

In *Alvarez v. State*, 861 S.W.2d 878, 880–81 (Tex.Crim.App.1992), the court stated:

> The essential elements of the State's cause of action in a bond forfeiture proceeding are the bond and the judicial declaration of the forfeiture of the bond, which is the judgment nisi. *Tocher v. State*, 517 S.W.2d 299 (Tex.Crim.App.1975).
>
> A judgment nisi is prima facie proof that the statutory requirements have been satisfied and the burden is on the defendant to affirmatively show otherwise. Once a prima facie case has been established, the defendant must then prove that one of the statutory requirements of the judgment nisi has not been satisfied. *Tocher*, supra, at 301.

■ In their brief, appellants concede all the essential elements of the State's cause of action, but contend that they are relieved of any liability, based solely on a printout of the District Clerk that reflected the principal was granted deferred adjudication. However, appellants fail to provide any authority for this contention and we are unable to find any.

Initially, we note that a printout of the District Clerk is not a judicial determination. Further, since the purpose of article 17.09 of the Texas Code of Criminal Procedure is to ensure the presence of the defendant for trial on the offenses charged, the article contemplates that principals and sureties will remain liable on the appearance bonds for all subsequent proceedings and until disposition of the criminal cases. TEX.CODE CRIM.PROC. ANN. art. 17.09 (Vernon 1977); *Ex Parte Rodriguez*, 595 S.W.2d 549, 550 (Tex.Crim. App.1980); *Garcia v. State*, 686 S.W.2d 281, 282 (Tex.App.—San Antonio 1985, no writ).

■ Deferred adjudication amounts to a suspension of the imposition of the adjudication and is not an imposition of a sentence. *See Triplett v. State*, 686 S.W.2d 342, 345 (Tex.App.—Houston [1st Dist.] 1985, pet. ref'd). Consequently, since deferred adjudication does not amount to a disposition of the cases, principals and sureties are not relieved of liability on an appearance bond by the mere imposition of deferred adjudication.

Thus, the state here presented "prima facie proof that the statutory requirements [had] been satisfied" and the appellants failed in their burden to "affirmatively show otherwise." *Alvarez*, 861 S.W.2d at 881. The points are rejected, and the judgments are affirmed.