Affirmed and Memorandum Opinion filed June 30, 2009








Affirmed
and Memorandum Opinion filed June 30, 2009.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-08-00659-CR

_______________

 

SAFETY NATIONAL CASUALTY CORPORATION (AGENT: SHAUN
BARKLEY BURNS), Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On Appeal from the 184th District Court

Harris County, Texas

Trial Court Cause No. 1071518-A 

                                                                                                                                               


 

M E M O R A N D U M   O P I N I O N

In this
bond forfeiture case, the surety appeals the trial court=s judgments in favor of the State on
the grounds that (a) the principal was not timely indicted, (b) the principal
was placed on deferred adjudication, and (c) the trial court revoked the principal=s three bonds prior to his hearing
date.  We affirm.








I.  Background

In June
2006, Mehdi Ganjizadeh, as principal, and Safety National Casualty Corporation
(ASafety National@),[1]
as surety,  executed a bail bond in the amount of $50,000 for the felony charge
of aggravated assault with a deadly weapon (the Afirst bond@).[2] 
Ganjizadeh was subsequently released from jail.  In September 2006, Ganjizadeh
and Safety National executed two more bail bonds, each for $50,000.00, for two
felony counts of possession of child pornography (the Asecond bonds@).[3] 
Ganjizadeh was again released from jail after the bonds were executed.  In
January 2007, Ganjizadeh was indicted in all three cases, but failed to appear
in the trial court on February 6, 2007.  The trial court entered judgments nisi
in each of the three cases, stating that Ganjizadeh had failed to appear and
ordering the bonds forfeited unless good cause was shown for his absence. 
After a bench trial in April 2008, the trial court entered final forfeiture
judgments in all three cases.  

The
trial court entered findings of fact and conclusions of law after a hearing on
June 5, 2008.  As is relevant here, the trial court found:

9.         On January 3, 2007, Medhi [sic] Ganjizadeh was indicted by a
Harris County Grand Jury in all three cases.








10.       The Foremen of the Grand Juries whose terms were in session
from the time of the Defendant=s admission to
bail until the time of the Defendant=s
indictments filed Motions stating that they did not dispose of all their
pending cases and moved to refer all of the undisposed cases to the next
succeeding Grand Juries to be impaneled.  The Presiding Judges of the Grand
Juries whose terms were in session from the time of the Defendant=s admission to bail until the time of the Defendant=s indictments entered Orders continuing the pending
Grand Jury cases to the next succeeding Grand Juries to be impaneled.  The
Orders do not mention any cases specifically.  Harris County Grand Juries do
not include a list of the cases that are continued to the next term of the
grand jury.

11.       In [the child pornography causes], the trial court entered an
order stating that Mr. Ganjizadeh was placed on deferred adjudication and was
therefore directed to provide a specimen of his DNA.  The trial [judge] stated
that she had checked the incorrect box and intended to check the box indicating
Mr. Ganjizadeh had to submit his DNA because he had been indicted instead of
checking the box indicating he had to submit his DNA because he had been placed
on deferred adjudication.

12.       On January 29, 2007, the trial court signed a note to the
Clerk of Court which is contained in the trial court=s file revoking Mr. Ganjizadeh=s bond, setting the new bond amount at Ano bond@
and issuing a warrant for his arrest.  The defendant was never arrested on
these warrants.

13.       The defendant, Mr. Ganjizadeh, failed to appear in the 184th
District Court on February 6, 2007, and the Court forfeited his bond in each of
the three criminal cases. 

Based on these findings, the trial court concluded as
follows:

3.         The Surety failed in its attempt to establish that the grand
juries and courts had failed to continue the prosecution of the Defendant by
Order of the Courts following no indictment or information at the first term of
the court which was held after the principal had been admitted to bail as
required by Article 22.13(a)(4) of the Code of Criminal Procedure.  The Surety=s evidence was insufficient.  The State provided
rebuttal evidence establishing that the pending criminal cases had been
properly continued by Order of the Courts pursuant to the practices of the
Harris County District Court Grand Juries. . . .








4.         The Surety=s claim of
exoneration based on the Defendant having received deferred adjudication in
[the child pornography causes] failed for lack of evidence.  No evidence of a
plea by the Defendant or Order of Deferred Adjudication of Guilt in any of the
. . . cases was introduced by the Surety.  The Surety=s introduction of an Order to Submit DNA in [these causes]
based on a check mark in a box indicating the defendant had been placed on
deferred adjudication is insufficient to establish the Defendant had ever
entered a plea and been granted deferred adjudication. . . .  Further, the
trial [judge] remembered that the Defendant never pleaded guilty nor was he
granted deferred adjudication in any of his criminal cases. 

5.         The Surety=s claim that
the Court=s revoking the Defendant=s bonds prior to the bond forfeitures resulted in no bond to forfeit,
fails as a matter of law.  The Court revoked the Defendant=s bond under Article 17.44(c) of the Code of Criminal
Procedure because the Defendant had removed the ordered electronic monitor. 
The Court was attempting to get the Defendant back into Court since the
Defendant had violated a condition of his bond; however, the Defendant was
never rearrested prior to the date of the bond forfeitures. . . .   [T]he
surety failed to prove that the Defendant=s
criminal cases were dismissed or that the Defendant had been acquitted or
convicted or that the defendant received deferred adjudication or [was] placed
on community supervision.  Accordingly, the bonds in these three cases were
still valid after this Court . . . revoked the bonds due to the Defendant
violating a condition of his bond by removing his court ordered electronic
monitor. . . .

Safety National=s motion for new trial challenging
the sufficiency of the evidence was denied, and this appeal timely ensued.

II.  Issues Presented

In its
first issue, Safety National asserts that it is exonerated from the first bond
because the State failed to timely indict Ganjizadeh as required by article
22.13 of the Texas Code of Criminal Procedure.  Safety National contends in its
second issue that it is not liable for the second bonds because it demonstrated
that Ganjizadeh had been placed on deferred adjudication for the underlying
charges.  Finally, in its third issue, Safety National argues that none of the
bonds were valid and binding because they were revoked by the trial court prior
to their forfeiture.  These issues require us to both (a) review the
sufficiency of the evidence to support the trial court=s findings and (b) determine if the
trial court erred in reaching its conclusions of law.








III.  Analysis

A.        Standard of Review

We
review the trial court=s conclusions of law de novo.   Smith v. Smith, 22
S.W.3d 140, 149 (Tex. App.CHouston [14th Dist.] 2000, no pet.).  When performing a de
novo review, we exercise our own judgment and redetermine each legal issue.   Quick
v. City of Austin, 7 S.W.3d 109, 116 (Tex. 1998).  We will uphold
conclusions of law on appeal if the judgment can be sustained on any legal
theory the evidence supports.  Waggoner v. Morrow, 932 S.W.2d 627, 631
(Tex. App.CHouston [14th Dist.] 1996, no writ).  Incorrect conclusions of law do not
require reversal if the controlling findings of fact support the judgment under
a correct legal theory.  Id.

In
reviewing a trial court=s findings of fact for legal and factual sufficiency of the
evidence, we apply the same standards we apply in reviewing the evidence
supporting a jury=s answer.  Catalina v. Blasdel, 881 S.W.2d 295, 297
(Tex. 1994).  When the appellate record contains a reporter=s record, as it does in this case,
findings of fact are not conclusive on appeal if a contrary fact is established
as a matter of law or if there is no evidence to support the finding.  See
Material P=ships, Inc. v. Ventura, 102 S.W.3d 252, 257 (Tex. App.CHouston [14th Dist.] 2003, pet
denied).








When
conducting a legal sufficiency review, we credit evidence supporting the
judgment if reasonable jurors could, and disregard contrary evidence unless
reasonable jurors could not.  City of Keller v. Wilson, 168 S.W.3d 802,
827 (Tex. 2005).  We may sustain a legal sufficiency, or no‑evidence,
point if the record reveals one of the following:  (1) the complete absence of
a vital fact;  (2) the court is barred by rules of law or of evidence from
giving weight to the only evidence offered to prove a vital fact;  (3) the
evidence offered to prove a vital fact is no more than a scintilla;  or (4) the
evidence established conclusively the opposite of the vital fact.  See 
Uniroyal Goodrich Tire Co. v. Martinez, 977 S.W.2d 328, 334 (Tex. 1998). 
If more than a scintilla of evidence exists, it is legally sufficient.   Lee
Lewis Constr., Inc. v. Harrison, 70 S.W.3d 778, 782 (Tex. 2001).  More than
a scintilla of evidence exists if the evidence furnishes some reasonable basis
for differing conclusions by reasonable minds about a vital fact=s existence.   Id. at 782B83.

When
conducting a factual sufficiency review, we consider all of the evidence to
determine if the finding is so weak or if the evidence to the contrary is so
overwhelming that it should be set aside and a new trial ordered.  Burlington
N. & Santa Fe Ry. v. S. Plains Switching, Ltd., 174 S.W.3d 348, 354
(Tex. App.CFort Worth 2005, pet. denied); see also Allegheny Cas. Co. v. State,
163 S.W.3d 220, 223B24 (Tex. App.CEl Paso 2005, no pet.).  Findings may be overturned only if
they are so against the great weight and preponderance of the evidence as to be
clearly wrong and unjust.  Allegheny Cas. Co., 163 S.W.3d at 224; see
also Cain v. Bain, 709 S.W.2d 175, 176 (Tex. 1986).  An appellate court
must also clearly state why the trial court=s finding is factually insufficient
or is so against the great weight and preponderance of the evidence as to be
manifestly unjust.  See  Ortiz v. Jones, 917 S.W.2d 770, 772 (Tex.1996)
(per curiam).

B.        Bond Forfeiture Proceedings

In a
bail bond forfeiture proceeding, the State bears the burden of proof.  Kubosh
v. State, 241 S.W.3d 60, 63 (Tex. Crim. App. 2007).  The elements of the
State=s cause are the bond and the judicial
declaration of the bond forfeiture, i.e., the judgment nisi.  Id. 
Once forfeiture liability has been established, however, the defendant and his
sureties may be exonerated if they establish that one of the provisions of 
Texas Code of Criminal Procedure article 22.13 applies.  See Tex. Code Crim. Proc. Ann. art.
22.13(a) (Vernon 2009).  Safety National relies on the following provisions of
this article:

(a)       The following causes, and no other, will exonerate the
defendant and his sureties, if any, from liability upon the forfeiture taken:








1.         That the bond is, for any cause, not a valid and binding undertaking
in law.  If it be valid and binding as to the principal, and one or more of his
sureties, if any, they shall not be exonerated from liability because of its
being invalid and not binding as to another surety or sureties, if any.  If it
be invalid and not binding as to the principal, each of the sureties, if any,
shall be exonerated from liability.  If it be valid and binding as to the
principal, but not so as to the sureties, if any, the principal shall not be
exonerated, but the sureties, if any, shall be.

. . .

4.         Failure to present an indictment or information at the first
term of the court which may be held after the principal has been admitted to
bail, in case [sic] where the party was bound over before indictment or
information, and the prosecution has not been continued by order of the court.

Id.

C.        Time of Indictment

In its
first issue, Safety National argues that because Ganjizadeh was not  indicted
on the aggravated assault charges during the first term after being admitted to
bond, it is exonerated from liability on the aggravated assault bond.  We
construe this issue as a challenge to the trial court=s factual finding 10 and legal
conclusion 3 supra and address both issues in turn.








  The
terms of Harris County district courts giving preference to criminal
proceedings begin on the first Mondays in February, May, August, and November. 
See, e.g., Tex. Gov=t Code Ann. ' 24.269 (Vernon 2004) (176th District Court in Harris County=s terms begin on first Mondays in
February, May, August, November); id. ' 24.364 (Vernon 2004) (same for 184th
District Court).  Ganjizadeh was released on the aggravated assault bond on
June 9, 2006.  Thus, the first term of the court held after he had been
admitted to bail on the aggravated assault charges began on the first Monday in
August 2006 and continued until the first Monday in November 2006, when a new
term began.  Ganjizadeh was not indicted until January 2007, which was the
second term after he was admitted to bail.  But a surety is only exonerated
from liability under article 22.13(a)(4) if Athe prosecution has not been
continued by order of the court.@ Tex.
Code Crim. Proc. Ann. art. 22.13(a)(4).  According to the trial court=s findings, the court ordered
appellant=s prosecution continued until the next term.  We thus first consider
whether legally and factually sufficient evidence supports this finding.

Safety
National asserts that the orders contained in our record are the legal
equivalent of Ano evidence@ because they neither mention Ganjizadeh by name nor list the
specific cases that were pending and had not been reached.  But the trial court
took judicial notice that Harris County grand juries do not include this
information in their orders continuing causes for prosecution, and Safety
National has not challenged the trial court=s authority to take judicial notice
of this practice.  Copies of orders continuing undisposed cases on the grand
juries= dockets were admitted into evidence
during the trial.  In addition, the trial court took judicial notice of
Ganjizadeh=s criminal files.  Appellant directs us to no evidence indicating this
case was not pending on the grand jury=s docket at the time the orders
continuing all prosecutions was entered.  Thus the record supports the trial
court=s finding. We therefore conclude that
the evidence is legally and factually sufficient to support the trial court=s finding.  








Turning
to the trial court=s conclusion that Safety National did not establish the State
had continued appellant=s prosecution, we note that article 22.13 does not require
the inclusion of a defendant=s name or cause number on an order continuing his
prosecution.[4]  Tex. Code Crim. Proc. Ann. art.
22.13(a)(4).  Indeed, as noted supra, the trial court took judicial
notice that grand juries in Harris County do not include this information in
orders continuing prosecution.  Reviewing this issue de novo, we conclude that
the trial court properly determined Safety National was not exonerated from
liability under this article.  We therefore overrule Safety National=s first issue.

D.        Deferred Adjudication

Safety
National asserts in its second issue that it provided evidence that Ganjizadeh
was placed on deferred adjudication in the child pornography causes; thus it
contends the bail bonds associated with these charges were no longer valid and
binding.  This issue requires consideration of the trial court=s factual finding 11 and legal
conclusion 4, detailed above.

When a
defendant appears and is granted deferred adjudication, a surety has no further
liability on a bond.  Reed v. State, 702 S.W.2d 738, 741 (Tex. App.CSan Antonio 1985, no pet.).  Here,
however, appellant failed to conclusively establish that Ganjizadeh appeared
and was granted deferred adjudication.  Safety National relies solely on two
forms signed by the trial judge ordering Ganjizadeh to provide a DNA sample to
law enforcement officials.  On these forms, a handwritten checkmark was placed
in a box next to an option that states, AYou have been placed on deferred
adjudication for one of the offenses listed below.@  Although these forms may be some
evidence that Ganjizadeh was placed on deferred adjudication in these cases,
the trial judge stated on the record that she had checked the wrong boxes on
these forms.  She stated she had intended to check the box next to the
statement, AYou have been indicted or waived indictment and released on bond for one
of the felony offenses listed below.@    

Under
these circumstances, we conclude that there is legally and factually sufficient
evidence to support the trial court=s finding that Ganjizadeh had not
been placed on deferred adjudication.  Thus, the trial court did not err in
refusing to exonerate Safety National=s liability on the second bonds on
this basis.  We overrule its second issue.








E.        ARevocation@ of Bonds

In its
third issue, Safety National asserts that the trial court ordered all three
bonds revoked prior to Ganjizadeh=s hearing.  Appellant claims it
cannot be liable on these bonds because the trial court=s revocation order Avoided or nullified@ the bonds.  We construe this issue
as a challenge to the trial court=s legal conclusion 5, quoted above.

The Aorder@ to which Safety National refers is a
signed note handwritten by the trial judge on a printed copy of an email from a
Harris County Pretrial Services employee.  In the email, the employee stated
that Ganjizadeh was Aordered to a curfew, electronic monitoring, random weekly
urinalysis, no alcohol and to report in person once a week.@  The employee informed the trial
judge that the defendant left his home two days before the date of the email
and had not returned.  According to the email, Ganjizadeh=s girlfriend called Harris County
Pretrial Services and reported that Ganjizadeh had left the country.  The trial
judge handwrote on the email: AClerk B pls. revoke bonds & set at no bond.  Pls. issue
warrants.@ 








Safety
National has provided no authority that a surety is discharged from liability
under these circumstances.[5]  The purpose
of a bail bond is to ensure that a principal appears to answer the charges
against him.  See Harris v. State, 891 S.W.2d 730, 731 (Tex. App.CSan Antonio 1994, pet. denied). 
Indeed, the Texas Code of Criminal Procedure contemplates that principals and
sureties will remain liable on appearance bonds until disposition of a criminal
case.  See Tex. Code Crim. Proc.
Ann. art. 17.09 ' 1 (Vernon Supp. 2008) (stating that a personal appearance
bond Ashall be valid and binding upon the
defendant and his sureties@ for his personal appearance and Afor any and all subsequent
proceedings had relative to the charge@), ' 3 (allowing judge or magistrate to
order accused who has been released on appearance bond rearrested under certain
circumstances; only when new bond is given is defendant released from custody);
see also id. art. 17.16(a) (Vernon 2005) (providing that a surety may
relieve itself of liability before forfeiture by surrendering the accused or
averring that the accused is in custody elsewhere); cf. id. art.
17.40(b) ' 4 (Vernon Supp. 2008) (AOnce the defendant is placed in custody, the
revocation of the defendant=s bond discharges the sureties on the bond, if any, from
future liability on the bond.@ (emphasis added));[6] id.
art. 44.04(f) (Vernon 2006) (providing that a defendant and his sureties are
not released from liability on an appeal bond until the defendant Ais placed in the custody of the
sheriff@).  Further, issuance of an arrest
warrant, without the principal actually being rearrested and released on
another bond, does not nullify a prior appearance bond obligation.  Fly v.
State, 550 S.W.2d 684, 685 (Tex. Crim. App. 1977).  

Nothing
in our record indicates Ganjizadeh was rearrested and released on any other
bond.  There is likewise no indication that the trial court disposed of the
causes against him for which Safety National agreed to be his surety.  We
therefore conclude that Safety National has failed to establish that the bonds
at issue in this case were not Avalid and binding undertaking[s] in law.@  Tex.
Code Crim. Proc. Ann. art. 22.13(a)(1).  We overrule its third issue.








IV.  Conclusion

Having
overruled Safety National=s three issues, we affirm the trial court=s final judgments of forfeiture.

 

 

/s/        Eva M. Guzman

Justice

Panel consists of Justices Yates,
Guzman, and Sullivan.

Do Not Publish C Tex.
R. App. P. 47.2(b).









[1]  Shaun Barkley Burns executed all of the bonds on
behalf of Safety National.





[2]  Trial Court Cause No. 1071518.





[3]  Trial Court Cause Nos. 1084837, 1084838.





[4]  Safety National cites Acevedo v. State to
support its contention that an order continuing a prosecution must include the
name of the defendant.  18 S.W.3d 775, 776B77
(Tex. App.CSan Antonio 2000, no pet.).  This case, however, does
not stand for that proposition; rather, the Fourth Court of Appeals concluded
that because the defendant=s name was
included on carry-over lists from two previous court terms, but was not
included on a carry-over list from the last term to the term in which he was
indicted, the prosecution of his case was not continued by order of the court. 
Id.  Moreover, the fact that the grand juries in Bexar County apparently
include lists of pending cases on carry-over orders has no bearing on the
practices of Harris County grand juries.





[5]  The only case cited by Safety National in support of
this issue is Allegheny Casualty Co. v. State. 52 S.W.3d 894, 900 (Tex.
App.CEl Paso 2001, no pet.).  This case does not support
Safety National=s contention that Aonce
the trial court revokes a bond it is no longer a valid and binding undertaking
under the law.@  Instead, the Eighth Court of Appeals concluded that
the surety had not established it was released from liability when a personal
bond was revoked.  Id. 





[6]  This section of article 17.40(b) was amended after
the bonds in this case were executed.  See Act of May 25, 2007, 80th
Leg., R.S., ch. 1113, ' 4, 2007 Tex. Gen. Laws 3758, 3759 (eff. Jan. 1,
2008).  Regardless of its application to this particular case, however, it
provides additional support that our Legislature contemplated sureties would
remain liable on bonds until the principal is either in custody or has had the
charges against him determined.